JUL-16-2003  10:04

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 03-29    Erie |
| | ) | |
| COREY D. ROSENDARY | ) | 21 U.S.C. §§841(a)(1) & |
| a/k/a Corey Rosendary | ) | 841(b)(1)(B)(iii) |
| a/k/a Corey Duane Rosendary | ) | |
| | ) | **(Under Seal)** |

## I N D I C T M E N T

The grand jury charges:

On or about January 9, 2003, in the County of Erie, in the Western District of Pennsylvania, the defendant, COREY D. ROSENDARY, also known as Corey Rosendary and Corey Duane Rosendary, did knowingly, intentionally and unlawfully possess with the intent to distribute and distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

A True Bill,

_____

FOREPERSON

_____
MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254

15

TOTAL P.02

April 20, 2004
Page 3

**DRAFT**

    B.   In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

    1.    Pursuant to Section 1B1.8 of the Sentencing Guidelines, the United States Attorney will not use against COREY D. ROSENDARY any information or evidence provided by him in the course of his assistance in the investigation.

    2.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing court of the full nature and extent of the involvement of COREY D. ROSENDARY in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

    3.    Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to Section 3E1.1 of the Sentencing Guidelines, the court reduce the offense level by three levels for acceptance of responsibility, on the grounds that the offense level prior to application of Section 3E1.1 is 16 or greater, and COREY D. ROSENDARY timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

    4.    At the time of sentencing, if his cooperation has been completed, or within one year of the imposition of sentence, the United States Attorney will review the timeliness, nature, extent, completeness, accuracy, and truthfulness of the assistance and testimony of COREY D. ROSENDARY. If the United States Attorney determines COREY D. ROSENDARY has provided substantial assistance in the investigation or prosecution of other persons, the United States Attorney may, in her discretion, file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines [and 18 U.S.C. §3553(e)] or under Rule 35(b), Federal Rules of Criminal Procedure, advising the District Court of the assistance to law enforcement authorities. COREY D. ROSENDARY has no right to compel, require or expect

5

1   Supervised release of not less than four years with respect to

2   the statutory; and guidelines of four to five years.  A fine of

3   $2 million applies under the statutory provision; and a fine of

4   $15,000 to $2,000,000 applies under the guidelines.

5   Restitution is inapplicable under both.  And a special

6   assessment of $100 applies with respect to both.  All right,

7   Mr. Hadley, prior to --

8           MR. PICCININI:  Your Honor, if I could clarify one

9   thing.  When you mentioned the guideline provision, I think you

10  indicated the guideline level was 33.

11          THE COURT:  Did I say 33 -- I'm looking at it, it's

12  31.  Thank you, you sir.  Mr. Hadley, before I proceed to

13  sentencing, is there anything that you would like to say on

14  behalf of your client and/or is there anything your client

15  would like to say on his own behalf?

16          MR. HADLEY:  Both of those we'd like to.

17          THE COURT:  Come on up first.

18          MR. HADLEY:  I think that, although I've not

19  addressed this in writing, is what occurred last week.  As the

20  court may be aware, my client was found at home that same day.

21          THE COURT:  I'm really not aware of all the

22  circumstances surrounding his capture.

23          MR. HADLEY:  He was found later that same day at

24  home, this was not an attempt at flight.  This was not an

25  absconder -- my client is now and was at the time felt like any