```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,         )
                                  )
          v.                      )
                                  )    Criminal No. 03-29 Erie
COREY D. ROSENDARY,               )          and
                                  )    Civil No. 06-280 Erie
          Defendant               )
                                  )
```

GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S
28 U.S.C. §2255 MOTION TO VACATE FOR DEFENDANT'S
FAILURE TO COMPLY WITH AEDPA ONE YEAR STATUTE OF LIMITATIONS

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney, and responds to the defendant's 28 U.S.C. §2255 motion:

1.  On April 28, 2004, Rosendary pled guilty to possession with intent to distribute and distribution of five grams or more of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(B)(iii).  (Docket No. 25). Pursuant to a plea agreement entered into evidence as government exhibit 1 at the plea hearing, Rosendary stipulated that the amount of cocaine base attributable to his conduct was 5.4 grams.  (Plea Letter, paragraph C3) (Exhibit 1).  Rosendary also stipulated that he was a career offender under the provisions of U.S.S.G. section 4B1.1(b)(B). (Plea Letter, paragraph C2).  Finally, Rosendary agreed that, after a 3 level reduction for acceptance of

1

responsibility, his sentencing guideline offense level was level 31, and that if he was sentenced based upon an offense level of 31, he waived his right to appeal.[1]

    2.   Rosendary was sentenced on August 10, 2004 to a 210 month term of imprisonment that was within the guideline range. (Docket No. 37). Rosendary was further ordered to serve four years' supervised release and to pay a special assessment in the amount of $100.00. (Docket No. 37).

    3.   On August 18, 2004, Rosendary timely filed a notice of appeal. (Docket No. 38).

    4.   The Third Circuit subsequently dismissed the appeal because the right to appeal had been waived. The order dismissing the appeal was dated May 13, 2005. (Docket No. 45).

    5.   Rosendary then filed a petition for a writ of certiorari which was denied on October 11, 2005. The one year limitation period for the filing of a §2255 petition as required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) commenced on that date. (Document No. 46). See 28 U.S.C. Section 2255, <u>Giesburg v. Cockrell</u>, 288 F.3d 268, 270 (5th Cir. 2002), <u>Miller v. New Jersey Department of Corrections</u>, 145 F.3d 616, 619

---

[1] If the court were to address the merits of Rosendary's 2255 petition, the record clearly shows that Rosendary's petition is based upon either baseless or wholly mistaken claims. For instance, he complains that he was not granted a three level reduction for acceptance of responsibility, but he was. (PSR ¶22-23). He claims that he only pled guilty to a "detectable amount" of cocaine, but he stipulated to 5.4 grams of cocaine base. He claims that he should have been sentenced at level 24, but he stipulated that he was a career offender with an offense level of 31. He claims that his statutory maximum was 10 years, but it was actually 40 years. (PSR ¶ 61).

(footnote 1) (3d Cir. 1998).

6. Accordingly, Rosendary's time for filing a §2255 petition expired on or about October 11, 2006.

7. Rosendary doesn't mention his petition for certiorari, but rather, mistakenly claims that he "was denied his direct appeal in March 2006." (Petition, p. 4). The record shows that his direct appeal was clearly dismissed on May 13, 2005, and his petition for certiorari was denied on October 11, 2005. The date on the order denying his petition for certiorari clearly indicates that it was issued on October 11, 2005. (See Exhibit 2).

10. Because Rosendary's petition was filed more than a month beyond the one year statute of limitations imposed by the AEDPA, this Court should dismiss his claim.

11. Furthermore, Rosendary's petition does not establish that "rigid application" of the limitations period would be "unfair" (See Miller, 145 F.3d 616, 618-619 (3d Cir. 1998)) or that any of the remaining AEDPA statutory provisions should apply. This is not a case where the court should exercise its discretion to equitably toll the limitations period. Equitable tolling of the 1 year AEDPA limitations period is reserved for cases "when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights. ... Mere excusable neglect is not sufficient.'" Id. (Citations omitted).

WHEREFORE, government counsel respectfully requests that the defendant's §2255 motion be dismissed.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


/s/ Marshall J. Piccinini
MARSHALL J. PICCININI
Assistant United States Attorney