

**U.S. Department of Justice**

United States Attorney
*Western District of Pennsylvania*

*100 State Street*
*Suite 302*
*Erie, Pennsylvania 16507*                                            *814/452-2906*

April 20, 2004

Michael R. Hadley, Esquire
One Drake Drive
Oil City, Pennsylvania  16301

Re:  United States of America v.
     COREY D. ROSENDARY
     Criminal No. 03-29 Erie

Dear Mr. Hadley:

This letter sets forth the agreement by which your client, COREY D. ROSENDARY, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between COREY D. ROSENDARY and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, COREY D. ROSENDARY will be sentenced under the Sentencing Guidelines promulgated by the United States Sentencing Commission and the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §981, et seq. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court.

    A.  The defendant, COREY D. ROSENDARY, agrees to the following:

        1.  He will enter a plea of guilty to Count One of the Indictment at Criminal No. 03-29 Erie, charging him with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**



GOVERNMENT EXHIBIT
1
03-29 E

April 20, 2004
Page 2

2. He will assist law enforcement agencies in investigating violations of federal drug laws hereinafter "the investigation".

3. He will be fully debriefed by personnel of the United States Attorney's Office and/or Special Agents of the Federal Bureau of Investigation and/or representatives of other federal, state or local law enforcement agencies as may be determined by the United States Attorney.

4. He will provide all information and evidence within his knowledge or control concerning the investigation. All such information will be full, complete, accurate, and truthful. The determination of the United States Attorney as to the completeness, accuracy, and truthfulness of the information and evidence provided shall be final and conclusive.

5. He will submit to a polygraph examination administered by an agent of the federal government if requested to do so by the United States Attorney.

6. He will, when requested, testify in grand jury, pretrial, trial, sentencing and post-conviction proceedings in this district and elsewhere.

7. If the Court imposes a fine or restitution as part of a sentence of incarceration, COREY D. ROSENDARY agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

8. At the time COREY D. ROSENDARY enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

April 20, 2004
Page 3

    B.   In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. Pursuant to Section 1B1.8 of the Sentencing Guidelines, the United States Attorney will not use against COREY D. ROSENDARY any information or evidence provided by him in the course of his assistance in the investigation.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing court of the full nature and extent of the involvement of COREY D. ROSENDARY in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to Section 3E1.1 of the Sentencing Guidelines, the court reduce the offense level by three levels for acceptance of responsibility, on the grounds that the offense level prior to application of Section 3E1.1 is 16 or greater, and COREY D. ROSENDARY timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

4. At the time of sentencing, if his cooperation has been completed, or within one year of the imposition of sentence, the United States Attorney will review the timeliness, nature, extent, completeness, accuracy, and truthfulness of the assistance and testimony of COREY D. ROSENDARY. If the United States Attorney determines COREY D. ROSENDARY has provided substantial assistance in the investigation or prosecution of other persons, the United States Attorney may, in her discretion, file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines [and 18 U.S.C. §3553(e)] or under Rule 35(b), Federal Rules of Criminal Procedure, advising the District Court of the assistance to law enforcement authorities. COREY D. ROSENDARY has no right to compel, require or expect

April 20, 2004
Page 4

        that the United States Attorney will file such a motion, however, and the decision to reduce the sentence of COREY D. ROSENDARY below the applicable guideline range or any mandatory minimum sentence is solely in the discretion of the District Court.

    5.    The United States Attorney agrees not to file an information, pursuant to 21 U.S.C. §851, stating prior convictions as a basis for increased punishment.

    6.    The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    COREY D. ROSENDARY and the United States Attorney further understand and agree to the following:

    1.    The maximum penalty that may be imposed upon COREY D. ROSENDARY is:

        (a)    A term of imprisonment of not less than five (5) years to a maximum of forty (40) years; for a second or subsequent narcotic drug controlled substance felony conviction that is final, whether federal, state or foreign, a term of imprisonment of not less than ten (10) years to a maximum of life;

        (b)    A fine not to exceed $2,000,000; for a second or subsequent narcotic drug controlled substance felony conviction that is final, whether federal, state or foreign, a fine not to exceed $4,000,000;

        (c)    A term of supervised release of at least four (4) years; for a second or subsequent narcotic drug controlled substance felony conviction that is final, whether federal, state or foreign, a term of supervised release of at least eight (8) years;

        (d)    A special assessment under 18 U.S.C. §3013 of $100.

    2.    The parties stipulate that the defendant is a career offender as defined in U.S.S.G. §4B1.1 and

April 20, 2004
Page 5

      that the offense level attributable to his conduct pursuant to U.S.S.G. §4B1.1(b)(B) is 34. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the District Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the District Court any information not within their knowledge at the time this agreement is executed.

3. The parties stipulate that the type and quantity of controlled substance attributable to COREY D. ROSENDARY in this case for the purposes of Section 2D1.1 of the Sentencing Guidelines is 5.4 grams of a mixture and substance containing a detectable quantity of cocaine base. The cocaine base was in the form commonly known as crack. This stipulation includes all relevant conduct, under Section 1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding upon the District Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the District Court any information not within their knowledge at the time this agreement is executed.

4. Thus, the parties agree that COREY D. ROSENDARY's overall offense level under the Sentencing Guidelines is 31. If COREY D. ROSENDARY is sentenced on the basis of an offense level of 31, he and the United States Attorney waive their respective rights to appeal the sentence under 18 U.S.C. §3742.

5. If, at any time, the United States Attorney determines that COREY D. ROSENDARY has provided any information or evidence that is not full, complete, accurate, and truthful, or that COREY D. ROSENDARY has not provided assistance or testimony upon request, the obligations of the United States Attorney under this agreement are terminated. In that event, the government may prosecute COREY D. ROSENDARY on charges it has agreed to dismiss or has dismissed, and it may use against COREY D.

April 20, 2004
Page 6

>ROSENDARY information and/or evidence obtained from him. The government may also prosecute COREY D. ROSENDARY for perjury or obstruction of justice. Any plea of guilty previously entered will stand, however, and COREY D. ROSENDARY will not have the right to withdraw the plea of guilty by virtue of his breach of this agreement.

6. This agreement does not preclude the government from pursuing any civil or administrative remedies against COREY D. ROSENDARY or his property.

This letter sets forth the full and complete terms and conditions of the agreement between COREY D. ROSENDARY and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Mary Beth Buchanan*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Michael R. Hadley, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
COREY D. ROSENDARY

_4/28/04_____
Date

Witnessed by:

_____
MICHAEL R. HADLEY, ESQUIRE
Counsel for COREY D. ROSENDARY