IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|           PLAINTIFF,       ) | |
|           VS.       ) | **CRIMINAL NO.: 03-29 Erie** |
| COREY D. ROSENDARY,       ) | |
|           DEFENDANT.       ) | |

**TYPE OF PLEADING:**

MOTION FOR LEAVE TO FILE AN AMENDED PETITION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

**FILED ON BEHALF OF:**

COREY D. ROSENDARY

DEFENDANT

**ATTORNEY OF RECORD:**

ADAM B. COGAN, ESQUIRE
PA I.D. NO.: 75654

ONE NORTHGATE SQUARE
GREENSBURG, PA 15601

[724] 837-9046

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) **CRIMINAL NO.:  03-29 Erie** |
| | ) |
| COREY D. ROSENDARY, | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |

**MOTION FOR LEAVE TO FILE AN AMENDED PETITION PURSUANT TO
TITLE 28, UNITED STATES CODE, SECTION 2255**

AND NOW, comes the Petitioner, COREY D. ROSENDARY, by counsel, ADAM B. COGAN, ESQUIRE, and respectfully moves this Honorable Court for leave to file an Amended Petition Pursuant to Title 28, United States Code, Section 2255.  In support thereof, the Petitioner respectfully avers as follows:

1.  On or about November 30, 2006, the Petitioner [hereinafter Rosendary] filed a pro se petition pursuant to Title 28, United States Code, Section 2255 challenging the judgment of conviction and sentence entered against him on August 10, 2004, by the United States District Court for the Western District of Pennsylvania, Erie Division.

2.  By Order dated December 22, 2006, this Honorable Court appointed undersigned counsel to represent the Petitioner in connection with this matter.

3.  Upon a review of the Petitioner's pro se petition and a review of the entire record, it is believed and therefore averred that amendment of the

1

Petitioner's pro se petition is required. Specifically, undersigned counsel believes and therefore avers that specific grounds of the denial of Rosendary's right to the effective assistance of counsel pursuant to the Sixth Amendment to the United States Constitution exist that are not specifically laid out in the Petitioner's pro se petition.

4. The specific instances in which Rosendary's right to the effective assistance of counsel were denied are detailed in Rosendary's Amended Petition Pursuant to Title 28, United States Code, Section 2255. That Petition is respectfully incorporated herein by reference.

5. Rule 15 of the Federal Rules of Civil Procedure provides that leave of court to file an amended petition should be granted freely when justice so requires. Specifically, Rule 15 of the Federal Rules of Civil Procedure states:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders. (Emphasis added)

6. Leave of court so as to permit amendment to a pro se petition such as Rosendary's should be freely given consistent with the literal language of Rule 15 of the Federal Rules of Civil Procedure. See, United States v. Thomas, 221

2

F.3d 430 (3rd Cir. 2000); Henderson v. DiGuglielmo, 138 Fed. Appx. 463 (3rd Cir. 2005); United States v. Harris, 125 Fed. Appx. 458 (3rd Cir. 2005). Indeed, pro se petitions are to be construed liberally. See, Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Garth, 188 F.3d 99, 108 (3rd Cir. 1999) (pro se § 2255 motion construed liberally to avoid procedural bar); United States v. Mora, 293 F.3d 1213, 1218 (10th Cir. 2002)(general rule requiring liberal construction of pro se pleadings applied to §2255 motion).

7. It is respectfully submitted that justice requires amendment to Rosendary's pro se petition pursuant to Title 28, United States Code, Section 2255 as submitted in Rosendary's Amended Petition.

8. While the United States moved to dismiss Rosendary's pro se petition claiming that it was not filed with one year of his conviction becoming final and thus was not timely filed, Rosendary's original petition was timely and to the extent that leave of court is extended to file the Amended Petition, the Amended Petition would likewise be timely filed.

9. The United States will further not be prejudiced by permitting Rosendary to file an amended petition as contemplated herein as Rosendary does not seek through permission for leave to amend to frustrate the one year time bar for the filing of habeas corpus petitions pursuant to Title 28, U.S.C., Section 2255.

10. Rosendary was sentenced on August 10, 2004, and Rosendary timely appealed the judgment of sentence. The United States Court of Appeals for the Third Circuit rejected Rosendary's appeal by Order dated May 13, 2005.

See Exhibit A, a copy of the Third Circuit's docket entries. Rosendary subsequently filed a pro se application for the issuance of a writ of certiorari with the United States Supreme Court on June 28, 2005, which was denied by Order of the United States Supreme Court on October 11, 2005.

11.  Critically, Rosendary then timely filed a petition for rehearing with the United States Supreme Court on November 5, 2005, in accordance with Rule 44 of the Rules of the United States Supreme Court and rehearing was not denied by the United States Supreme Court until February 21, 2006. See, Exhibit B, a copy of the United States Supreme Court's docket entries.

12.  A timely filed petition for rehearing in accordance with the established rules of court stops the time for the filing of a petition for a writ of certiorari from running as the judgment does not then become final until the petition for rehearing is denied. See, United States v. Wall, 456 F.3d 316 (3rd Cir. 2006); Hibbs v. Winn, 542 U.S. 88 (2004); Missouri v. Jenkins, 495 U.S. 33 (1990)("A timely petition for rehearing operates to suspend the finality of the court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.").

13.  Rosendary's conviction thus did not become final until February 21, 2006, and, therefore, he had/has until February 21, 2007, to file a timely amended petition pursuant to Title 28, U.S.C., Section 2255.

WHEREFORE, the Petitioner/Petitioner respectfully requests leave to file his amended Petition pursuant to Title 28, United States Code, Section 2255.

RESPECTFULLY REQUESTED,

<u>s/Adam B. Cogan</u>,
ADAM B. COGAN, ESQUIRE
PA I.D. NO.:  75654

ATTORNEY FOR THE PETITIONER

5