IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| VS. | ) **CRIMINAL NO.:  03-29 Erie** |
| COREY ROSENDARY, | ) |
| DEFENDANT. | ) |
| | ) **TYPE OF PLEADING:** |
| | ) AMENDED PETITION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255 |
| | ) **FILED ON BEHALF OF:** |
| | ) COREY ROSENDARY |
| | ) DEFENDANT |
| | ) **ATTORNEY OF RECORD:** |
| | ) ADAM B. COGAN, ESQUIRE |
| | ) PA I.D. NO.:  75654 |
| | ) ONE NORTHGATE SQUARE |
| | ) GREENSBURG, PA  15601 |
| | ) [724] 837-9046 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) **CRIMINAL NO.: 03-29 Erie** |
| | ) |
| COREY ROSENDARY, | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |

**AMENDED PETITION PURSUANT TO TITLE 28, U.S.C., SECTION 2255**

AND NOW, comes the Petitioner, COREY ROSENDARY, by counsel, ADAM B. COGAN, ESQUIRE, and respectfully files the following Amended Petition Pursuant to Title 28, U.S.C., Section 2255. In support thereof, the Petitioner respectfully avers as follows:

1. The Petitioner is Corey Rosendary, inmate number 20162-068. The Petitioner is presently incarcerated at the Federal Correctional Institution at Elkton, Ohio, P.O. Box 10, Lisbon, OH 44432.

2. The judgment of conviction under attack is the judgment of conviction and sentence imposed against the Petitioner by the United States District Court for the Western District of Pennsylvania, Erie Division.

3. The judgment of conviction and sentence was entered August 10, 2004.

4. As a result of the judgment of conviction and sentence, the Petitioner is scheduled to serve a term of imprisonment of 210 months to be followed by a 4 year term of supervised release.

1

5.  The Petitioner was initially charged through a one count indictment with knowingly, intentionally and unlawfully possessing with the intent to distribute and distribution of five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B)(iii).

6.  The Petitioner initially entered a plea of not guilty to the charge in the indictment.

7.  On April 28, 2004, the Petitioner changed his previous plea of not guilty to a plea of guilty.

8.  A timely appeal was taken from the judgment of conviction and sentence.

9.  The timely appeal was filed with the United States Court of Appeals for the Third Circuit which denied the appeal by Order dated May 13, 2005. Rosendary's timely petition for the issuance of a writ of certiorari was denied on October 11, 2005. The Supreme Court of the United States denied Rosendary's petition for rehearing on February 21, 2006.

10. Other than his direct appeal and his original initial <u>pro se</u> petition, no other petitions, applications, or motions have been filed with respect to this judgment in any federal court.

11. The Petitioner respectfully asserts the following grounds for relief and claims that based upon the following he is being held in custody unlawfully:

   a)  The judgment of sentence imposed was the result of the ineffectiveness of counsel under the Sixth Amendment to the

        United States Constitution which, in the context of this case, so fundamentally prejudiced the Petitioner that the judgment of sentence imposed in this case must be set aside. The ineffectiveness of counsel was manifested at sentencing by counsel's failure to argue that Rosendary could not be sentenced under the United States Sentencing Guidelines because the United States Sentencing Guidelines were unconstitutional as applied to him at the time of sentencing based on the <u>Apprendi/Blakely</u> rule which provides that under the Sixth Amendment to the United States Constitution any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established by proof beyond a reasonable doubt.

b)     Thereafter on appeal, the ineffectiveness of counsel was manifested by counsel's failure to argue that the appellate waiver contained in Rosendary's plea agreement was not a complete waiver of Rosendary's appellate rights and thus did not work so as to deny Rosendary's right to appeal the judgment of sentence imposed in this case. Rosendary's plea agreement contained the following stipulation, "If COREY ROSENDARY is sentenced on the basis of an offense level of 31, he and the United States Attorney waive their respective rights to appeal the sentence under 18 U.S.C. §3742." However, nowhere in the plea agreement did Rosendary waive his right to appeal the judgment of sentence and

conviction pursuant to Title 28, U.S.C. § 1291. Had counsel argued this basis for the Third Circuit Court of Appeals to entertain his appeal, a valid jurisdictional basis for the Third Circuit to hear his appeal which Rosendary clearly did not waive, Rosendary's appeal would not have been dismissed and he would have been eligible for resentencing pursuant to Title 18, U.S.C. § 3553 in light of United States v. Booker, 543 U.S. 220 (2005). This is so regardless of his attorney's failure to raise the constitutionality of his being sentenced under the Guidelines; see, United States v. Douglas, 407 F.3d 162 (3rd Cir. 2005).

12. The particulars of counsel's ineffectiveness are further set forth in the Discussion portion of this pleading which is respectfully incorporated herein by reference.

13. None of the above grounds have previously been presented to any Court as the Petitioner was represented in those courts by counsel who is now respectfully alleged to have been ineffective in his representation of the Petitioner.

14. There are no petitions or appeals now pending in any Court as to the judgment under attack.

15. The Petitioner was previously represented by Attorney Michael Hadley. The address of Attorney Hadley is: One Drake Drive, Oil City Pennsylvania, 16301.

4

16. The sentence that the Petitioner received was rendered with respect to the count of the indictment at which the Petitioner plead guilty.

17. In the event that this Honorable Court denies the Petitioner's application for relief, it is respectfully requested that this Court grant him a Certificate of Appealability pursuant to Title 28, U.S.C., Section 2253 to facilitate appellate review of the matter.

## DISCUSSION

The Petitioner in this case plead guilty to the sole count of the indictment charging him with delivery and possession with intent to deliver in excess of 5 grams of cocaine base pursuant to a plea agreement drafted by the United States Attorney for the Western District of Pennsylvania. That plea agreement, which is a matter of record with this court and which is respectfully reproduced herein as Exhibit A, provided in relevant part that Rosendary was a career offender resulting in a base offense level of 34 under the United States Sentencing Guidelines. The agreement further provided that after application of a three level reduction for acceptance of responsibility, Rosendary's overall offense level under the Sentencing Guidelines would be reduced to level 31. The parties finally agreed that "If COREY ROSENDARY is sentenced on the basis of an offense level of 31, he and the United States Attorney waive their respective rights to appeal the sentence under *18 U.S.C. §3742*." Emphasis added.

Prior to sentencing, the United States Supreme Court decided the case of Blakely v. Washington, 542 U.S. 296 (2004) which held that Washington's sentencing guideline system unconstitutional as it permitted the judge to impose

5

a sentence based on a factual finding beyond the sentence the court could have imposed on the basis of facts reflected by the jury's verdict or admitted by the defendant. Despite the Supreme Court's holding in <u>Blakely</u>, however, counsel for Rosendary never challenged at sentencing whether Rosendary could constitutionally be sentenced under the mandatory United States Sentencing Guideline system consistent with his rights to trial by jury under the Sixth Amendment to the United States Constitution.

After Rosendary's sentence and upon his insistence, counsel for Rosendary filed a notice of appeal from the judgment of sentence and conviction. Thereafter, Rosendary argued on appeal that his sentence was unconstitutional, particularly that it was plain error for the District Court to have sentenced Rosendary under the then mandatory United States Sentencing Guidelines. Consistent with the approach taken by the United States Court of Appeals for the Third Circuit, this should have resulted in a "<u>Booker</u> remand" for resentencing. See, <u>United States v. Douglas</u>, 407 F.3d 162 (Third Cir. 2005)(holding that defendants sentenced under the mandatory United States Sentencing Guidelines who challenged their sentence on direct appeal were presumed to have been prejudiced by the imposition of sentence and were entitled to resentencing regardless of whether an objection to the constitutionality of application of the United States Sentencing Guidelines was properly made at sentencing).

Rosendary's appeal, however, was instead dismissed based upon an argument raised by the United States first in its brief and, later in its post <u>Booker</u>

6

letter to the Third Circuit, that Rosendary had waived his right to appeal the judgment of sentence through his plea agreement.

The argument the Government made in this regard could have easily been countered and should not have resulted in the dismissal of Rosendary's appeal. While Rosendary waived his right to appeal under his plea agreement through Title 18, U.S.C. § 3742, Rosendary simply did not waive his right to appeal pursuant to Title 28 U.S.C. § 1291, an alternative basis for jurisdiction for the United States Court of Appeals for the Third Circuit to entertain Rosendary's appeal. Counsel's failure to argue the incomplete nature of his appellate waiver to the Third Circuit doomed Rosendary's appeal and constituted deficient performance of counsel pursuant to Rosendary's rights under the Sixth Amendment.

The legal standard governing claims of ineffectiveness of counsel is found in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) see also, <u>United States v. Cronic</u>, 466 U.S. 648 (1984). Generally, a person must show that his counsel's performance fell well below an objective standard of reasonableness and that a reasonable probability exists that, but for the error the result would have been different. <u>Strickland</u>, <u>Id</u>. At 686-694. A showing of prejudice can also be made when the circumstances surrounding a claim of ineffectiveness are such that prejudice can be presumed from the very nature of the error and those attendant circumstances. <u>Cronic</u>, <u>supra</u>.

With respect to a direct appeal after the imposition of a judgment of conviction and sentence, a criminal appellant is entitled to the effective

7

assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985). The ineffectiveness of counsel can manifest itself where appellate counsel fails to argue an appeal effectively. Franklin v. Anderson, 434 F.3d 412 (6th Cir. 2006); United States v. Ballard, 400 F.3d 404 (6th Cir. 2005); Buehl v. Vaughn, 166 F.3d 163 (3rd Cir. (1999).

In response to the unrebutted argument that Rosendary had categorically waived his right to appeal, the Third Circuit Ordered as follows:

"Appellant's motion for summary remand is denied. The motion of the Government to dismiss contained in its letter response and brief is granted and this appeal is dismissed because Appellant waived his right to appeal. United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001)".

Rosendary does not herein dispute that his plea agreement contained the appellate waiver language cited by the government or dispute his plea was knowingly and intelligently entered. What Rosendary does dispute is that the waiver that he agreed to completely was a full and complete appellate waiver divesting the United States Court of Appeals of all jurisdiction to hear his appeal. What Rosendary respectfully submits is that his appellate waiver was not a complete appellate waiver as he nowhere waived his right to appeal as provided by Title 28, United States Code, Section 1291.

Rosendary further submits that counsel was Constitutionally deficient by not pointing out the limited nature of his appellate waiver to the Third Circuit Court of Appeals and the Court's continuing jurisdiction to hear his appeal pursuant to Title 28 U.S.C. § 1291 either through his principal brief, a reply brief,

8

his <u>Booker</u> applicability letter to the Third Circuit or ultimately through a motion for rehearing or re-argument pursuant to Rule 40 of the Federal Rules of Appellate Procedure.

Title 28, United States Code, Section 1291 provides that "the courts of appeals shall have jurisdiction of appeals from all final decisions of the District Courts of the United States…".  The United States Court of Appeals for the Third Circuit has regularly entertained appeals such as Rosendary's on this basis: <u>United States v. Manzella</u>, ___ F.3d ___, ___ (3rd Cir. February 2, 2007) ("The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).") ; <u>United States v. Colon</u>, ___ F.3d ___, n.4 (3rd Cir. January 29, 2007)("The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)."); <u>United States v. Lockett</u>, 406 F.3d 207 (3rd Cir. 2005); <u>United States v. Cooper</u>, 437 F.3d 324 (3rd Cir. 2006);  <u>United States v. Graham</u>, 72 F.3d 352, 358 n.8 (3rd Cir. 1995); <u>United States v. King</u>, 21 F.3d 1302, 1304 (3rd Cir. 1994).

Indeed, the illegality of sentence, which was the entire thrust of Rosendary's argument on his direct appeal, is clearly a basis under which the appeal could have been taken pursuant to Title 28, U.S.C., Section 1291.  <u>United States v. Fessler</u>, 453 F.2d 953, 954 (3rd Cir. 1972).

While the Third Circuit has dismissed appeals where the appellant has completely waived his right to appeal under both Title 18, U.S.C. § 3742 and Title 28 U.S.C. § 1291, see, <u>United States v. Lockett</u>, 406 F.3d 207 (3rd Cir. 2005), it is

9

respectfully submitted that no such dismissal could occur if an appellant did not waive jurisdiction pursuant to Title 28, U.S.C. § 1291.[1]

Likely recognizing the shortcomings of the type of appellate waiver found in Rosendary's plea agreement, the standard appellate waiver employed by the United States Attorneys Office for this District now explicitly addresses Title 28, U.S.C., Section 1291.  Indeed, the standard waiver states,

> "_____ waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
> (a)   If the United States appeals from the sentence, _____ may take a direct appeal from the sentence.
> (b)   If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, _____ may take a direct appeal from the sentence.
> The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

Rosendary's plea agreement, however, contained no such language.

A plea agreement is, in effect, a contract. It is to be strictly construed and any ambiguity in such an agreement is to be construed against the government. See, United States v. Palladino, 347 F.3d 29, 33-34 (2nd Cir. 2003); United States v. Rivera, 357 F.3d 290, 295 (3rd Cir. 2004); United States v. Garcia, 956 F.2d 41, 44 (4th Cir. 1992); United States v. Fitch, 282 F.3d 364, 368 (6th Cir. 2002); United States v. Rourke, 74 F.3d 802, 805 (7th Cir. 1996).

---

[1] The Appellate waiver in Lockett was not specifically quoted in the published opinion.  Counsel for Rosendary has, however, obtained a copy of the plea agreement which includes the waiver provision.  The plea agreement is appended hereto as Exhibit B.

Rosendary's plea agreement simply did not preclude him from arguing his appeal pursuant to Title 28, U.S.C., Section 1291. That counsel did not undertake to explain to the Third Circuit this simple yet compelling reality divested Rosendary of his right to be sentenced without regard to the mandatory United States Sentencing Guideline scheme, something which surely would have resulted had Rosendary argued the reality of his plea agreement's limited appellate waiver to the Third Circuit properly.

In this case, the government won Rosendary's appeal by arguing appellate waiver. This simply should not have happened as the Court of Appeals plainly retained jurisdiction to consider Rosendary's appeal pursuant to Title 28, U.S.C. 1291. As Rosendary's appeal should have clearly resulted in a Booker remand pursuant to United States v. Douglas, 407 F.3d 162 (3rd Cir. 2005), Rosendary is entitled to be resentenced by this Honorable Court.

WHEREFORE, the Petitioner respectfully requests that this Court grant him all relief to which he may be entitled in this proceeding, specifically, the vacating of the judgment of conviction and sentence and the granting him a new sentencing hearing in connection with this matter.

RESPECTFULLY REQUESTED,

s/Adam B. Cogan,
ADAM B. COGAN, ESQUIRE
PA I.D. NO.: 75654

ATTORNEY FOR THE DEFENDANT