01/29/2007 15:08   2159281112   FEDERAL DEFENDER PHL   PAGE 01/09

**FEDERAL COMMUNITY DEFENDER OFFICE**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 540 WEST - THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

ELLEN T. GREENLEE, Defender

MAUREEN KEARNEY ROWLEY, Chief Federal Defender

Phone Number (215) 928-1100
Fax Number (215) 925-4024
Fax Number (215) 861-3159
Fax Number (215) 928-0822
Fax Number (215) 928-1112

**FAX MEMO**

TO: Adam Cogan Esq.
COMPANY:
FAX #: (724) 837-8888
FROM: Robert Epstein Esq.
SUBJECT: Rogers Lockett
DATE: 1/29/07

Number of pages (including cover): 9

☐ Hard copy will follow by regular mail
☐ Hard copy will follow by hand delivery
☒ No hard copy will follow
☐ Call when received

COMMENTS:

**CONFIDENTIALITY NOTICE**

The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us.

**Exhibit B (1)**

01/29/2007 15:08  2159281112    FEDERAL DEFENDER PHL    PAGE 02/09

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 03 - 421 |
| ROGERS LOCKETT, III | : |

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to counts 1, 2 and 3 of this Indictment charging him with Possession of marijuana with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), Possession of firearms in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c), and Possession of firearms with obliterated serial numbers, in violation of Title 18, United States Code, Section 922(k), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under Title 21, United States Code, Section 853, all arising from the defendant's possession of marijuana and two firearms with obliterated serial numbers in side Amtrak 30th Street Station in Philadelphia on February 5, 2003. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2. The defendant agrees to pay the special victims/witness assessment in the amount of $ 300 at such time as directed by the Court.

**Exhibit B (2)**

01/29/2007  15:08   2159281112            FEDERAL DEFENDER PHL            PAGE  03/09

Case 2:03-cr-00  -CMR   Document 42-4   Filed 01/2../2004   Page 2 of 8

3. Defendant waives any claim under the Hyde Amendment, 18 U.S.C. §3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

4. The defendant abandons any right, title and interest that he may have in the following firearms and ammunition: a Bryco Jennings 9mm semiautomatic pistol with 12 rounds of ammunition and an Intratec 9mm semiautomatic pistol, with a magazine with 30m rounds of ammunition; agrees to execute all documents requested by the government to effectuate his abandonment; and agrees that the Bureau of Alcohol Tobacco and Firearms may dispose of the firearm and ammunition in whatever manner it deems appropriate.

5. At the time of sentencing, the government will:

   1. Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution and other matters which the government deems appropriate.

   2. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

2

**Exhibit B (3)**

01/29/2007  15:08   2159281112                FEDERAL DEFENDER PHL                 PAGE  04/09

Case 2:03-cr-00\_-CMR   Document 42-4   Filed 01/26/2004   Page 3 of 8

3.  Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

6.  The parties agree under Rule 11(a)(2) that in entering into this agreement, the defendant reserves the right to appeal the Court's ruling on the defendant's pre-trial motion to suppress physical evidence and statements of the defendant.

7.  The defendant understands, agrees and has had explained to him by counsel that the Court may impose the following statutory maximum and mandatory minimum, sentences: Count One, Possession of marijuana with the intent to distribute, 5 years imprisonment, up to lifetime supervised release with a mandatory minimum of two years supervised release, a $250,000 fine and a mandatory $100 special assessment; Count Two, Possession of firearms in connection with a drug trafficking crime, life imprisonment, with a mandatory minimum sentence of five years imprisonment, to be served consecutively to any other sentence of imprisonment, a maximum of five years of supervised release, a $250,000 fine and a mandatory $100 special assessment; Count 3, Possession of firearms with obliterated serial numbers; 5 years imprisonment, up to 3 years supervised release, a $250,000 fine and a mandatory $100 special assessment.

Total Maximum and Mandatory Minimum Sentence is: life imprisonment, with a mandatory minimum sentence of 5 years imprisonment, consecutive to the sentence imposed on any other count, up to lifetime supervised release with a mandatory minimum two years supervised release, a $750,000 fine and a mandatory $300 special assessment. Forfeiture of any property used to commit or facilitate the commission of Count One also may be ordered.

3

**Exhibit B (4)**

01/29/2007 15:08  2159281112  FEDERAL DEFENDER PHL  PAGE 04/09

Case 2:03-cr-004...-CMR  Document 42-4  Filed 01/28/2004  Page 4 of 8

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by 5 years. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

8. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

9. Pursuant to § 6B1.4 of the Sentencing Guidelines, the parties enter into the following stipulations under the Sentencing Guidelines Manual effective November 1, 2003. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

(1) The parties agree and stipulate that: 450 grams of marijuana(was possessed by the defendant and the defendant's Guideline range should be calculated based on this amount pursuant to Guideline Section 1B1.3.

4

**Exhibit B (5)**

01/29/2007 15:08   2159281112   FEDERAL DEFENDER PHL   PAGE 06/09

Case 2:03-cr-004__-CMR   Document 42-4   Filed 01/28/2004   Page 5 of 8

(2) The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level downward adjustment under Guideline Section 3E1.1(a).

(3) The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty making the defendant eligible for an additional 1-level downward adjustment under Guideline Section 3E1.1(b) if the defendant's Combined Adjusted Offense Level is 16 or greater.

10. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

1. the defendant's sentence exceeds the statutory maximum; or

2. the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range; or

5

**Exhibit B (6)**

01/29/2007  15:08   2159281112                FEDERAL DEFENDER PHL                PAGE  07/09

Case 2:03-cr-004  -CMR   Document 42-4   Filed 01/28/2004   Page 6 of 8

3. the district court decided adversely to the defendant the following issue: whether the firearms or marijuana seized by law enforcement on February 5, 2003 or whether his post-arrest statements to law enforcement on February 5, 2003 should be suppressed.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

11. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

12. It is agreed that the parties' guilty plea agreement contains no additional promises, agreements or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements or understandings will be entered into unless in writing and signed by all parties.

PATRICK L. MEEHAN
United States Attorney

_____              _____
ROGERS LOCKETT, III                       TIMOTHY R. RICE
Defendant                                 Chief, Criminal Division
                                          Assistant United States Attorney


_____              _____
CATHERINE HENRY                           THOMAS R. PERRICONE
Counsel for Defendant                     Assistant United States Attorney

Date:            2003

6

**Exhibit B (7)**

01/29/2007  15:08   2159281112   FEDERAL DEFENDER PHL   PAGE  08/09

Case 2:03-cr-00421-CMR   Document 42-4   Filed 01/28/2004   Page 7 of 8

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :

v.   :   CRIMINAL NUMBER 03-421

ROGERS LOCKETT, III   :

### ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

   a. that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

   b. that the jury could only convict me if all twelve jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

   c. that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

   d. that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

   e. that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

   f. that through my lawyer I would have the right to confront and cross examine the witnesses against me;

   g. that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to;

**Exhibit B (8)**

01/29/2007 15:08   2159281112   FEDERAL DEFENDER PHL   PAGE 09/09

    h.   that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.   I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.   I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.   I understand that if I plead guilty, I have waived my right to appeal, except as set forth in appellate waiver provisions of my plea agreement.

7.   Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

_____
Defendant

_____
CATHERINE HENRY
Counsel for the Defendant

**Exhibit B (9)**