IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 03-29 Erie |
| COREY D. ROSENDARY, ) | and |
| ) | Civil No. 06-280 Erie |
| Defendant ) | |
| ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR LEAVE TO FILE AN AMENDED SECTION 2255 PETITION

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney, and responds to the defendant's Motion for Leave to File an Amended §2255 Petition:

1. On February 12, 2007, in response to the government's Motion to Dismiss the defendant's section 2255 petition, newly appointed counsel for the defendant filed a Motion for Leave to File an Amended Petition pursuant to Title 28, United States Code, Section 2255. For the following reasons, Rosendary's request to file an amended petition should be denied, and the government's previously filed Motion to Dismiss the untimely filed petition should be granted.

2. In paragraphs 11 and 12 of Rosendary's motion for leave to file an amended petition, he sets forth his claim that his original habeas corpus petition was timely filed. Although Rosendary's petition for writ of certiorari was denied by the Supreme Court on

1

October 11, 2005, Rosendary claims that the one-year limitations period was tolled by his filing of a petition for rehearing. Therefore, Rosendary claims the one-year time period for filing a habeas corpus petition did not commence until February 21, 2006, the date the petition for rehearing was denied. Thus, Rosendary argues, the one-year time period did not expire until February 21, 2007.

    3.   Rosendary's argument fails. As discussed more fully below, Rosendary has failed to recognize clear Supreme Court and circuit court precedent that the filing of a petition for rehearing in the Supreme Court has no impact on the finality of a conviction and does not toll the one-year filing requirement for section 2255 petitions. Accordingly, Rosendary's conviction was final on October 11, 2005, when the Supreme Court denied his petition for a writ of certiorari, and the time period for filing a habeas corpus petition expired one year later on October 11, 2006. Thus, Rosendary's petition, which was filed on November 29, 2006, must be dismissed because it was filed after the expiration of the one-year limitation for the filing of section 2255 petitions.

    4.   Rosendary cites three cases for the proposition that his petition for rehearing in the Supreme Court tolled the one-year filing period. (Def. Motn. p. 4) (citing United States v. Wall, 456 F.3d 316 (3d Cir. 2006); Hibbs v. Winn, 542 U.S. 88 (2004); Missouri v. Jenkins, 495 U.S. 33 (1990)). However, none of these cases is on point, and they have no bearing on this Court's determination of the government's motion to dismiss. In all three

of the cases cited by Rosendary, the issue had nothing to do with the filing of a petition for rehearing of the Supreme Court's denial of certiorari. Rather, each of the cases merely stands for the proposition that the time period for filing a petition for writ of certiorari in the Supreme Court is tolled by a petition for rehearing of a circuit court's denial of relief. While the filing of a petition for rehearing in the circuit court may toll the time period for filing a petition for writ of certiorari, the filing of a petition for rehearing in the Supreme Court has no such impact on the one-year habeas corpus petition filing deadline. Unlike petitions for rehearing in the circuit courts, petitions for rehearing in the Supreme Court do **not** have any bearing on the one-year filing requirement.

5. The first question raised by Rosendary's attempt to avoid dismissal of his untimely filed petition relates to when a conviction becomes "final" for purposes of the one-year filing deadline for post-conviction relief. Rosendary argues that his conviction did not become final until the Supreme Court denied his petition for rehearing. However, as the Supreme Court has noted, finality in the post-conviction context "has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003) (collecting cases). See also, Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (a conviction becomes final within the

meaning of section 2255 when the Supreme Court affirms the conviction on the merits or denies a timely filed petition for certiorari). Thus, it is clear that Rosendary's conviction became final on October 11, 2005, the date his petition for certiorari was denied.

    6.   The remaining question posed by Rosendary's challenge to the motion to dismiss is what effect the filing of a petition for rehearing in the Supreme Court has on the one year section 2255 filing deadline that commenced when the conviction became final. The answer to this question comes first from the Supreme Court's own rules. Supreme Court Rule 16.3 provides:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will **not** be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.*

Supreme Court Rule 16.3 (emphasis added). Therefore, the language of Rule 16.3 by itself refutes Rosendary's argument.

    7.   In addition, every circuit court to address this question has ruled, consistent with the clear provisions of Rule 16.3, that the filing of a petition for rehearing in the Supreme Court <u>has no effect</u> on the date of the finality of the conviction and the commencement of the one-year section 2255 filing period. <u>See United States v. Segers</u>, 271 F.3d 181, 185-186 (4th Cir. 2001) (conviction final on date of denial of certiorari; petition filed less than 2 months after the expiration of the one-year period of

limitations was untimely; without an order of the Court, the petition for rehearing has no effect); United States v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (absent an actual suspension of an order denying certiorari, one-year limitation period commences on date of denial regardless of whether a petition for rehearing is filed); United States v. Thomas, 203 F.3d 350, 355-56 (5th Cir. 2000) (petition filed one year and three days after Supreme Court's denial of certiorari dismissed as untimely, rejecting claims that 25 day time period for filing petition for rehearing must have expired and that conviction was not final until circuit court received the certiorari denial); Horton v. United States, 244 F.3d 546, 550-51 (7th Cir. 2001) (petition filed one year and two days after Supreme Court denied certiorari dismissed irrespective of opportunity to petition Supreme Court for rehearing); In re Smith, 436 F.3d 9, 10 (1st Cir. 2006) (certificate of appealability denied as to whether district court properly dismissed section 2255 petition as untimely indicating that the issue of whether the filing of a petition for rehearing tolls the one-year limitation period for filing section 2255 petitions is not reasonably debatable); United States v. Campa-Fabela, 339 F.3d 993, 994 (8th Cir. 2003) (habeas petition untimely despite petition for rehearing, finding persuasive the reasoning of all of the other circuits addressing the issue).

8.   Therefore, even though Rosendary filed a petition for rehearing, it did not change the date of finality of his conviction nor toll the limitations period for filing a section 2255 petition.

Accordingly, his section 2255 petition, filed more than one year after the date his conviction became final, is untimely and should be dismissed.

WHEREFORE, government counsel respectfully requests that Rosendary's Motion for Leave to File an Amended Section 2255 Petition be denied and that Rosendary's original petition be dismissed.

                                      Respectfully submitted,

                                      MARY BETH BUCHANAN
                                      United States Attorney

                                      /s/ Marshall J. Piccinini
                                      MARSHALL J. PICCININI
                                      Assistant United States Attorney