IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CRIM. NO.:   03-29 Erie |
| | ) CIVIL NO.:   06-280 Erie |
| COREY ROSENDARY, | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |
| | ) **TYPE OF PLEADING**: |
| | ) |
| | ) APPLICATION FOR THE |
| | ) ISSUANCE OF A CERTIFICATE |
| | ) OF APPEALABILITY |
| | ) PURSUANT TO TITLE 28 |
| | ) U.S.C. §2255 (c)(1) AND RULE |
| | ) 22.1 LOCAL RULES OF |
| | ) APPELLATE PROCEDURE |
| | ) FOR THE UNITED STATES |
| | ) COURT OF APPEALS FOR THE |
| | ) THIRD CIRCUIT |
| | ) |
| | ) **FILED ON BEHALF OF**: |
| | ) |
| | ) COREY ROSENDARY |
| | ) |
| | ) DEFENDANT |
| | ) |
| | ) |
| | ) **ATTORNEY OF RECORD** |
| | ) |
| | ) ADAM B. COGAN, ESQUIRE |
| | ) |
| | ) PA ID NO.:  75654 |
| | ) |
| | ) ONE NORTHGATE SQUARE |
| | ) GREENSBURG, PA 15601 |
| | ) |
| | ) (724) 837-9046 |
| | ) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) Crim. No.: 03-29  Erie |
| | ) Civil No.:  03-280 Erie |
| COREY ROSENDARY, | ) |
| | ) |
| DEFENDANT. | ) |

**APPLICATION FOR THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO TITLE 28 U.S.C. §2255 (c)(1) AND RULE 22.1 LOCAL RULES OF APPELLATE PROCEDURE FOR THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

AND NOW, comes the Appellant, COREY ROSENDARY, by counsel, ADAM B. COGAN, ESQUIRE, and respectfully moves this Honorable Court for the Issuance of a Certificate of Appealability to facilitate the appeal of the denial of his application for relief pursuant to Title 28 U.S.C. §2255.  In support thereof, the Appellant respectfully represents as follows:

## I.     PROCEDURAL HISTORY

1.     On August 10, 2004, Corey Rosendary was sentenced by the Honorable Sean J. McLaughlin, United States District Court Judge for the Western District of Pennsylvania-Erie Division, to a period of incarceration of 210 months and 4 years supervised release.  The sentence was imposed upon Rosendary's conviction for possessing with the intent to distribute and distribution of five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

2. Rosendary perfected a timely appeal of his conviction to the United States Court of Appeals for the Third Circuit through court appointed counsel which rejected his appeal on May 13, 2005.

3. Thereafter acting thereafter pro se[1], Rosendary timely petitioned the United States Supreme Court for the issuance of a writ of certiorari. The United States Supreme Court denied Rosendary's pro-se petition by Order dated October 11, 2005.

4. Continuing to act pro-se, Rosendary timely petitioned the United States Supreme Court for rehearing pursuant to Rule 44 of the Rules of the United States Supreme Court. Rosendary's petition for rehearing was docketed with the Clerk of the United States Supreme Court on November 5, 2005. By Order dated February 21, 2006, the United States Supreme Court denied rehearing.

5. On or about November 30, 2006, Rosendary filed a pro-se petition pursuant to Title 28, U.S.C. §2255 challenging the judgment of conviction and sentence entered against him. Rosendary's pro-se application is appended hereto as Exhibit A.

6. The United States filed a response to Rosendary's petition moving for dismissal claiming that Rosendary's petition was not filed within one year of his conviction becoming final, that is, within one year of the denial of his application for a writ of certiorari from the United States Supreme Court.

7. Undersigned counsel was thereafter appointed to represent Rosendary and Rosendary sought leave to file an amended petition pursuant to Title 28, U.S.C. §2255 so

---

[1] Despite appointed counsel's obligation to petition the United States Supreme Court for a writ of certiorari upon the denial of direct appeal by the Circuit pursuant to Rule 109.2(b) of the Local Rules of Appellate Procedure, Rosendary's court appointed counsel neither moved to withdraw nor so petitioned the United States Supreme Court and Rosendary was left to act pro-se or not at all.

2

as to more precisely challenge the judgment of conviction and sentence entered against him. In his application for leave to file an amended petition, Rosendary argued that neither his original petition nor the amended petition Rosendary sought to file were untimely as Rosendary conviction did not become final until his timely filed pro-se petition for rehearing of the denial of his application for a writ of certiorari was denied by the United States Supreme Court. Accordingly, Rosendary argued that as both his original petition and his amended petition were filed within one year of February 21, 2006, the date the United States Supreme Court denied rehearing, both his petitions were timely. Rosendary's motion for leave to file his amended petition is attached hereto as Exhibit B. Rosendary's amended petition is attached hereto as Exhibit C.

8. The United States then filed a response to Rosendary's motion for leave to file and amended petition asserting that both Rosendary's original petition and the amended petition he sought to file were untimely as they were not filed within one year of October 11, 2005, the date of the denial of Rosendary's application for a writ of certiorari by the United States Supreme Court. The government's motion is attached hereto as Exhibit D.

9. Without holding an evidentiary hearing, the District Court issued a Memorandum Opinion and Order dated March 12, 2007 dismissing Rosendary's application for habeas corpus relief. The Court also denied Rosendary a Certificate of Appealability. The Opinion and Order of Judge McLaughlin is appended as Exhibit E to this Petition.

10. Rosendary thereafter filed a Notice of Appeal and, by this application, respectfully requests that this Honorable Court enter a Certificate of Appealability to facilitate his appeal of this matter.

## II. THE STANDARD FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY

11. The United States Supreme Court has recently emphasized the standard for the issuance of a Certificate of Appealability in Habeas Corpus cases, reminding the lower courts that while not requiring that a Certificate of Appealability must always issue, the standard is not one that makes the issuance dependent upon proof that the lower court ruling was objectively unreasonable by a clear and convincing standard or some other equally daunting standard.  Miller-El vs. Cockrell, 537 U.S. 322 (2003).

12. In Miller-El, the Court, relying on Its prior opinions in Slack vs. McDaniel, 529 U.S. 473 (2000) and Lozada vs. Deeds, 498 U.S. 430 (1991), held that the proper interpretation of the statutory language used in 28 U.S.C. §2253(c)(2) that a petitioner had to show "a substantial showing of a denial of a constitutional right" meant only that a petitioner would simply have to show the following:

> "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the District Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further".  Miller-El, at 327.

13. The Court emphasized that while this standard would require a petitioner to show more than a frivolous whim or the existence of his mere good faith desire to proceed, the petitioner does not have to make a preliminary showing that he will, in fact, ultimately prevail in order for a Certificate of Appealability to issue:

> "We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for Habeas Corpus.  Indeed, a claim

4

can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack, "where a District Court has rejected the constitutional claims on the merits, the showing required to satisfy §2553(c) is straight forward: the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong" 529 U.S. at 484". Id. At 338.

14. This is the only threshold inquiry that is needed for the issuance of a Certificate of Appealability.

### III. THE NATURE OF THE ISSUE

15. This case comes before the Court upon the application for relief of Corey Rosendary. He filed that application under §2255 of Title 28 U.S.C. alleging the ineffectiveness of his appellate counsel in connection with the appeal of his almost 20 year sentence for the possession with intent to deliver and delivery of more than five grams of cocaine base on January 9, 2003, in Erie, Pennsylvania.

16. After sentencing, his counsel filed an appeal arguing in this Court that he was entitled to re-sentencing by the District Court pursuant to United States v. Booker, 543 U.S. 220 (2005) as Rosendary's appeal was pending at the time that Booker was decided, this Court categorically ruling that a defendant in such a circumstance is entitled to re-sentencing. See, United States v. Douglas, 407 F.3d 162 (3rd Cir. 2005).

17. The government moved to dismiss Rosendary's appeal, however, arguing that Rosendary had waived his right to appeal through a provision in his plea agreement. Specifically, the appellate waiver provision of Rosendary's plea agreement read:

> "If COREY D. ROSENDARY is sentenced on the basis of an offense level of 31, he and the United States Attorney waive their respective rights to appeal the sentence under 18 U.S.C. §3742."

18. On this basis, this Honorable Court dismissed Rosendary's direct appeal:

5

> "Appellant's motion for summary remand is denied. The motion of the Government to dismiss contained in its letter response and brief is granted and this appeal is dismissed because Appellant waived his right to appeal. United States v. Khattak, 273 F.3d 557, 561 (3rd Cir. 2001)."

19. This result, however, should not have properly occurred. While Rosendary's plea agreement contained the quoted waiver language, that waiver language in the agreement was incomplete as Rosendary simply did not fully waive his right to appeal under the law. As can be seen from that language quoted above, although Rosendary waived his right to take appeal pursuant to Title 18, U.S.C. 3742, this Court retained jurisdiction to hear Rosendary's appeal pursuant to Title 28, U.S.C. § 1291.

20. As Rosendary submitted to the District Court, Title 28, U.S.C. § 1291 provides that "the courts of appeals shall have jurisdiction of appeals from all final decisions of the District Courts of the United States…". Through Title 28, U.S.C. § 1291 the United States Court of Appeals for the Third Circuit has regularly entertained appeals such as Rosendary's on this basis: United States v. Manzella, 475 F.3d 152, 156 (3rd Cir. February 2, 2007) ("The district court had jurisdiction under 18 U.S.C. §3231, and we have jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. §3742 (a)(1)."); United States v. Colon, 474 F.3d 95, n.4 (3rd Cir. 2007)("The district court had jurisdiction under 18 U.S.C. §3231 and we have jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. §3742(a)."); United States v. Lockett, 406 F.3d 207 (3rd Cir. 2005); United States v. Cooper, 437 F.3d 324 (3rd Cir. 2006); United States v. Graham, 72 F.3d 352, 358 n.8 (3rd Cir. 1995); United States vs. King, 21 F.3d 1302, 1304 (3rd Cir. 1994).

21. The illegality of a sentence, which was the entire thrust of Rosendary's argument on his Booker based direct appeal, is clearly a basis under which Rosendary's

appeal could and properly should have proceeded pursuant to Title 28, U.S.C. Section 1291. United States v. Fessler, 453 F.2d 953, 954 (3rd Cir. 1972).[2]

22. As Rosendary's plea agreement did not include a waiver of his right to appeal the imposition of the judgment of conviction and sentence under Title 28, U.S.C. 1291, Rosendary was entitled to appeal under this jurisdictional provision and his direct appeal should have succeeded and resulted in a Booker remand for re-sentencing.

23. In light of the foregoing, Rosendary argued that his counsel was ineffective in presenting the appeal for not pointing out this simple fact to this Honorable Court as a criminal defendant is entitled to the effective assistance of counsel on direct appeal, Evitts v. Lucy, 469 U.S. 387, 396 (1985), and the ineffectiveness of counsel can manifest itself where appellate counsel fails to argue an appeal effectively. Franklin v. Anderson, 434 F.3d 412 (6th Cir. 2006); United States v. Ballard, 400 F.3d 404 (6th Cir. 2005); Buehl v. Vaughn, 166 F.3d 163 (3rd Cir. 1999).

24. The District Court, however, never, reached the issue of the ineffectiveness of Rosendary's appellate counsel under Strickland vs. Washington, 466 U.S. 668, 686 to 694 (1984) for failing to argue this alternative basis for appellate jurisdiction as the District Court concluded that Rosendary's petition was not filed within one year of his conviction becoming final and thus not timely filed within the standards set forth in Title 28, U.S.C. § 2255.

25. It is Rosendary's simple position herein that reasonable jurists can and should debate the District Court's conclusion that Rosendary's petition was not timely.

---

[2] While the Third Circuit has upheld the dismissal of appeals where the appellant has completely waived his right to appeal under both Title 18 U.S.C. §3742 and Title 28 U.S.C. §1291, see, United States v. Lockett, 406 F.3d 207 (3rd Cir. 2005), no such dismissal could properly occur where the defendant did not waive appellate jurisdiction pursuant to Title 28, U.S.C. §1291.

7

## IV. ROSENDARY'S PETITION WAS NOT UNTIMELY

26. In dismissing Rosendary's petition, the District Court never reached the merits of Rosendary's argument regarding the ineffectiveness of his counsel and instead dismissed Rosendary's 2255 petition as untimely, concluding that Rosendary's petition and the amended petition Rosendary sought to file were not filed within one year of the United States Supreme Court's denial of Rosendary's petition for a writ of certiorari and thus were not timely filed irrespective of whether Rosendary had properly sought rehearing of the denial of his application for a writ of certiorari pursuant to Rule 44 of the Rules of Supreme Court of the United States.  See, Exhibit E.

27. This direct question, whether a Defendant's conviction is not yet "final" and remains open where the Defendant timely files a petition for rehearing of the denial of a petition for a writ of certiorari pursuant to Title 28 U.S.C. § 2255, is an open and heretofore unanswered question in the United States Supreme Court and this Circuit Court of Appeals.

28. Pursuant to the Anti-Terrorism and Death Penalty Act of 1996 (AEDPA), Title 2255 now provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) **the date on which the judgment of conviction becomes final;**
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

>           made retroactively applicable to cases on collateral
>           review; or
> (4)     he date on which the facts supporting the claim or
>           claims presented could have been discovered
>           through the exercise of due diligence. (emphasis
>           added)

29.     The statute, however, does not define when a conviction becomes "final" and it does not otherwise define the term "judgment of conviction". The statute, indeed, is not a model of clarity. The United States Supreme Court has previously described the Anti-Terrorism and Death Penalty Act of 1996 thus: "[I]n a world of silk purses and pigs' ears, the act is not a silk purse of the art of statutory drafting." Lindh v. Murphy, 521 U.S. 320, 336 (1997).

30.     Guided only by the proposition that he had one year to file his habeas corpus petition from the date on which his judgment of conviction became final, Rosendary properly believed that his petition for rehearing tolled the 1-year filing deadline for his habeas corpus petition. Indeed, Rosendary fully complied with Rule 44.1 of the Rules of the Supreme Court of the United States which provides that a petitioner may file for rehearing within 25 days of the issuance of an order denying a petition for a writ of certiorari.[3]

---

[3] Rule 44.1 provides in part: "Any petition for the rehearing of any judgment or decision of the Court on the merits shall be filed within 25 days after entry of the judgment or decision, unless the Court or a Justice shortens or extends the time."

9

31. The District Court ruled, however, that as Rule 16.3 of the Rules of the Supreme Court of the United States provides that the order of denial of a writ of certiorari will not be suspended pending the disposition of a petition for rehearing, Rosendary's original and amended petitions were untimely.[4]

32. It is respectfully submitted that reasonable jurists could find the conclusion that Rosendary's petition was not timely filed at least debatable.

33. In <u>Kapral v. United States</u>, 166 F.3d 565 (3rd Cir. 1999), this Court first addressed when a judgment of conviction becomes final within the meaning of Section 2255. The issue in <u>Kapral</u> was whether the time for timely filing of a petition pursuant to Title 28 U.S.C. § 2255 was tolled during the time which Kapral could have filed a petition for a writ of certiorari to the Supreme Court of the United States.

34. After noting that neither "judgment of conviction" nor "final" were expressly defined in § 2255, the <u>Kapral</u> court noted,

> It is the action of the Supreme Court in ruling on the certiorari petition that brings about closure on direct review and elevates the decision of the court of appeals to a level of finality that is "the last in place, order or time," "precludes further controversy on the questions passed upon," and is "a decision from which no appeal or writ of error can be taken" <u>Kapral</u> at 570.

35. The <u>Kapral</u> Court then went on to conclude:

> "final" as used in § 2255 refers to the decision on direct review that "precludes further controversy on the questions passed upon," "the one from which no appeal or writ of

---

[4] Rule 16.3 reads: "Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice."

> error can be taken." We are persuaded that Congress intended this concept of finality to control petitions filed under § 2255's one year limitations period. <u>Id</u>.

36.     The <u>Kapral</u> Court noted that it was irrelevant that the United States Supreme Court was unlikely to act on the petition for a writ of certiorari. Rather, the <u>Kapral</u> Court held that finality only occurs when "no further avenues for direct appeal" exist, not when it is "increasingly unlikely" that such a direct appeal will continue. <u>Id</u>. at 571.

37.     However remote the odds, the possibility existed that the United States Supreme Court would have granted Rosendary's timely filed petition for reconsideration. Given that this possibility remained open until his petition for reconsideration expired, under a reasonable reading of this Court's <u>Kapral</u> decision, Rosendary's petition did not become "final" within the meaning of Title 28 U.S.C. § 2255 until after Rosendary's properly filed petition for rehearing was denied by the United States Supreme Court.

38.     This result only seems a proper extension of the <u>Kapral</u> decision and holding. If a conviction becomes final upon the denial of the writ, a defendant could <u>properly</u> have pending a certiorari petition and a 2255 petition at the same time. If the timely filed petition for reconsideration of the denial of the application for a writ of certiorari were granted, a defendant could conceivably be left to attack, and the United States to defend, the results of the defendant's conviction in two different forums simultaneously, before the United States Supreme Court and the United States District Court. Such a result seemingly makes no sense and cannot be what congress intended in drafting this provision of the AEDPA.

39. In dismissing Rosendary's 2255 petition, the District Court cited to cases decided by other Circuits on this issue. United States v. Willis, 202 F.3d 1279 (10th Cir. 2000), United States v. Thomas, 203 F.3d 350 (5th Cir. 2000); Horton v. United States, 244 F.3d 546 (7th Cir. 2001); United States v. Segers, 271 F.3d 181 (4th Cir. 2001); Campa-Fabela v. United States, 339 F.3d 993 (8th Cir. 2003); In re Smith, 436 F.3d 9 (1st Cir. 2006).

40. It should be noted, however, that of these decisions, only three of these Courts, the Courts in Segers, Campa-Fabela, and In re Smith, were confronted with defendants who had actually properly sought reconsideration of the denial of their applications for writs of certiorari from the United States Supreme Court. It should be further noted that in the other three cases, Willis, Thomas and Horton[5], and even in the Smith case, a Certificate of Appealability at least issued on the question at issue here. It should also be noted that in that in none of the decisions cited by the District Court did the Circuit Courts undertake the in depth determination of the meaning of "finality" as did this Honorable Court in Kapral.

41. Indeed, it is respectfully submitted that the proper inquiry is not the interpretation of the Supreme Court Rule at all but what Congress intended in enacting the AEDPA.

42. Viewing this issue of statutory interpretation de-novo, see, Stiver v. Meko, 130 F.3d 574, 577 (3rd Cir. 1997) and given that neither the United States Supreme Court nor this Honorable Court has previously resolved the issue, it is respectfully submitted

---

[5] It is assumed that a Certificate of Appealability issued in Smith, although the opinion does not specifically state it, as the United States Court of Appeals for the Seventh Circuit addressed the denial of Horton's 2255 petition on the merits in Smith.

12

that it is at least debatable and worthy of further consideration by this Court whether Rosendary's petition was timely.

## V. EQUITABLE TOLLING.

43. To the extent that this Court determines that Rosendary's petition was not timely filed, Rosendary respectfully submits that the one year statute of limitations is subject to equitable tolling.

44. The statute of limitations for the filing of 2255 petitions may be subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). Out of a sense of equity, this Court will toll the statute of limitations when a petitioner demonstrates reasonable diligence in bringing a claim, but "has in some extraordinary way been prevented from asserting his or her rights." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Although Rosendary did not advance an argument below that equitable tolling should work to excuse any late filing if the District Court found that a late filing occurred, this Court retains discretionary power to address questions of law that otherwise might have been waived. Bagot v. Ashcroft, 398 F.3d 252, 256 (3rd Cir. 2005).

45. In Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001); a habeas corpus petitioner accused his attorney of leading him to believe that the attorney would file a habeas petition on his behalf, and of telling him that there were no time constraints on habeas petitions. This Court found that, if true, the allegations "may constitute extraordinary circumstances to justify equitable tolling."

46. Here, Rosendary's counsel on direct appeal effectively abandoned Rosendary after this Court dismissed his appeal despite Rule 109.2(b) of the Local Rules

of Appellate Procedure for the Third Circuit which requires counsel appointed under the Criminal Justice Act to petition the United States Supreme Court for a writ of certiorari on behalf of a defendant unless leave to withdraw has been granted. Rosendary's counsel filed no such petition, compelling Rosendary himself to act pro-se with respect to the filing of his petition for a writ of certiorari and his subsequent petition for reconsideration. Rosendary was thus left to defend himself at this critical stage contrary to the Rules of this Court and the events that occurred at this stage led to the issue that has developed with respect to the timeliness of the filing of his petition.

47. Equitable tolling should award to make Rosendary's petition timely.

### VI.    CONCLUSION

48. For the above noted reasons, it is respectfully requested that a Certificate of Appealability issue.

RESPECTFULLY SUBMITTED,

s/Adam B. Cogan,
ADAM B. COGAN, ESQUIRE
PA ID NO.: 75654
ATTORNEY OF RECORD