IN THE UNITED STATES DISTRCIT COURT
FOR THE WESTERN DISTRCICT OF PENNSYLVANIA

COREY D. ROSENDARY,            )
       Petitioner,         )
                  )
                  )
      v                  )
                  )
UNITED STATES OF AMERICA,      )
       Respondent,         )

Criminal No 03-29
CIVIL NO. 06-280 E

SCANNED

## § 2255 MOTION TO CORRECT ILLEGAL SENTENCE

COMES NOW Petitioner Corey Rosendary pro-se hereby file his petition to correct his illegal sentence impose upon him by this court.

JUSISDICTION

This court has jurisddiction pursuant Anti- Terrorists Act (1996) A 1- year period of limitation shall apply to a motion under this section § 2255. That the sentence was impose in violation of the Constitution or laws of the United States, or that court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law,or is otherwise sugject to collateral attack. may move the court which imposed the sentence to **vacate, set aside or correct the sentence.**

STATEMENT OF THE CASE

On or about January 09, 2003, defedant was indicted by West District of Pennsylvania Grand Jury that the defendant knowingly and intentionally and unlawful possess with the intent to distribute five (5) grams or more of a mixture and substance containing a dectable amount of cocaine base commomly know as crack, In violation of Title 21, USC, Section 841 (a)(1) and 841(b)(B)(iii)

**Exhibit A (1)**

On April 28, defendant entered a plea of guilty through a plea agreement page (3) pargrah (3) prior to sentencing the United States Attorney will, orally ot in writing move that pursuant to Section 3E1.1 of the Sentencing Guidelines, the court reduce the offense level by three levels for acceptance of responsibilty, on the grounds that the offense level prior to application of Section 3E1.1 is 16 or greater.

On August 10, 2004 defendant was sentence to a term of 210 months and four years supervised release. On August 18, 2004 a timely appeal was filed. Defendant was denied his direct appeal in March 2006.

COMPLAINT

Defendant alleges that his Fifth and Sixth Constitution Amendments were serious violated by his counsel **due process** and **effective assistant of counsel.**

1. Counsel violated defendant due process by not objecting to the PSR in any drug case the amount of drugs is the base offense Rosendary only admitt to detectable amount, in U.S. v Ameline 376 F.3d 976(9th Cir. 2004)Ameline only admitted to a dectecable amount of methanphetamine. On the basis of this admission alone; the maximum sentence under the guidelines that district judge could have imposed without further findings would have been 16 months, given the base offense level 12. U.S.S.G. § 2D1.1(C)(14) less than 250 mg cocaine base. here the court imposed a sentence of 210 months base offense level of 33.

2. Counsel was ineffective for his failure for not objecting at senntencing when the court ask counsel on page 5 line 11-15.

The court, Mr. Hadley, before I proceed to sentencing, is there anything that you would like to say on behalf of your client and/or is there anyhting your client would like to say on his behalf? Counsel just

2

**Exhibit A (2)**

try to defend why his client did not show up for his first sentencing hearing the week before. Defense counsel should be discipline for his poor representatiOn to his client.

3.    Counsel was ineffective for allowing his client not to benefit the government offer of three level reduction for acceptence of responsibilty. Had counsel did his job Rosendary, should been only sentence to 100-125 months at level 24, with his three level reduces his sentence to level 21 77-96 months. Although defendant is a career offender his Offense Statutory Maximum is (E) 10 years or more, but less than 15 years. here defendant had only a dectecable amount his base offense level is only 12, even if the court allowed his base offense level at 33, is would be miscarriage of justice and this court must look at interest of justice in in defendant case...

    WHEREFORS, defendant Rosendary, is at least entitle to evidentairy hearing based on his ineffectiveness assistant of counsel claim, for not protecting his client right and violating his due process.

                                    Respectfully submitted

                                    *Corey Rosendary*
                                    Corey Rosendary 20162-068
                                    FCI Elkton
                                    P.O.Box 10
                                    Lisbon, Oh 44432


                            DECLARATION

I, declare under the penalty of perjury that the infomation above is true and correct.

SIGNED THIS _22_ day of _Nov._ 2006.


                                3

**Exhibit A (3)**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREY D. ROSENDARY,              )      Criminal No. 03-29
    Petitioner,              )      CIVIL NO. 06-280 E

                              **RECEIVED**

v                                )            **NOV 2 9 2006**

UNITED STATES OF AMERICA         )      CLERK U.S. DISTRICT COURT
                                        WEST. DIST. OF PENNSYLVANIA

AFFIDAVIT IN SUPPORT OF §2255 MOTION

    Comes Now COREY D. ROSENDARY, (Petitioner) herinafter Affiant, of legal age and competent to state the facts herein as follows:

1) That Affiant hereby is the party executing this §2255 Motion.

2) That Affiant's rights were denied and violated Constitutional Articles of Amendment 5th and 6th. (Due Process and Effective Assistance of Counsel).

3) That due to ineffective asssistance of cousel, Affiant's right to due process under the law was violated.

4) That Affiant's counsel failed to object to the PSR and/or anything stipulated therein or therefrom.

5) That counsels lack of objections resulted in violation of Affiant's Constitutional Rights and sentenced to an extremely greater amount of time than the guidelines required.

6) That counsel was also ineffective for not arguing the Affiant's right for a three level reduction for timeliness and of responsibility.

DECLARATION

Affiant swear under penalty of perjury and under the laws of the united States of America [Title 28 § 1746] that the foregoing is true, correct and not misleading to the best of Affiant's knowledge and understanding.

                                       *Corey Rosendary*
                                   Corey D. Rosendary

**Exhibit A (4)**

JUL-16-2003  10:04

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
          v.                      )    Criminal No. 03-29    Erie
                                  )
-COREY D. ROSENDARY               )    21 U.S.C. §§841(a)(1) &
      a/k/a Corey Rosendary       )    841(b)(1)(B)(iii)
      a/k/a Corey Duane Rosendary )
                                  )    (Under Seal)
                                  )

## I N D I C T M E N T

The grand jury charges:

On or about January 9, 2003, in the County of Erie, in the Western District of Pennsylvania, the defendant, COREY D. ROSENDARY, also known as Corey Rosendary and Corey Duane Rosendary, did knowingly, intentionally and unlawfully possess with the intent to distribute and distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

                              A True Bill,


                              _____
                              FOREPERSON


*Mary Beth Buchanan*
MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254


15                                            TOTAL P.02

**Exhibit A (5)**

April 20, 2004
Page 3

**DRAFT**

    B.   In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

    1.   Pursuant to Section 1B1.8 of the Sentencing Guidelines, the United States Attorney will not use against COREY D. ROSENDARY any information or evidence provided by him in the course of his assistance in the investigation.

    2.   The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing court of the full nature and extent of the involvement of COREY D. ROSENDARY in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

    3.   Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to Section 3E1.1 of the Sentencing Guidelines, the court reduce the offense level by three levels for acceptance of responsibility, on the grounds that the offense level prior to application of Section 3E1.1 is 16 or greater, and COREY D. ROSENDARY timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

    4.   At the time of sentencing, if his cooperation has been completed, or within one year of the imposition of sentence, the United States Attorney will review the timeliness, nature, extent, completeness, accuracy, and truthfulness of the assistance and testimony of COREY D. ROSENDARY. If the United States Attorney determines COREY D. ROSENDARY has provided substantial assistance in the investigation or prosecution of other persons, the United States Attorney may, in her discretion, file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines [and 18 U.S.C. §3553(e)] or under Rule 35(b), Federal Rules of Criminal Procedure, advising the District Court of the assistance to law enforcement authorities. COREY D. ROSENDARY has no right to compel, require or expect

18

**Exhibit A (6)**

5

1   Supervised release of not less than four years with respect to

2   the statutory; and guidelines of four to five years.  A fine of

3   $2 million applies under the statutory provision; and a fine of

4   $15,000 to $2,000,000 applies under the guidelines.

5   Restitution is inapplicable under both.  And a special

6   assessment of $100 applies with respect to both.  All right,

7   Mr. Hadley, prior to --

8           MR. PICCININI:  Your Honor, if I could clarify one

9   thing.  When you mentioned the guideline provision, I think you

10  indicated the guideline level was 33.

11          THE COURT:  Did I say 33 -- I'm looking at it, it's

12  31.  Thank you, you sir.  Mr. Hadley, before I proceed to

13  sentencing, is there anything that you would like to say on

14  behalf of your client and/or is there anything your client

15  would like to say on his own behalf?

16          MR. HADLEY:  Both of those we'd like to.

17          THE COURT:  Come on up first.

18          MR. HADLEY:  I think that, although I've not

19  addressed this in writing, is what occurred last week.  As the

20  court may be aware, my client was found at home that same day.

21          THE COURT:  I'm really not aware of all the

22  circumstances surrounding his capture.

23          MR. HADLEY:  He was found later that same day at

24  home, this was not an attempt at flight.  This was not an

25  absconder -- my client is now and was at the time felt like any

26

**Exhibit A (7)**