IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,        )
                                 )
        PLAINTIFF,               )
                                 )
        VS.                      )
                                 ) **CRIMINAL NO.: 03-29 Erie**
COREY ROSENDARY,                 )
                                 )
        DEFENDANT.               )
                                 )
                                 )
                                 )
                                 )
                                 )
                                 )
                                 ) **TYPE OF PLEADING:**
                                 )
                                 ) AMENDED PETITION PURSUANT
                                 ) TO TITLE 28, UNITED STATES
                                 ) CODE, SECTION 2255
                                 )
                                 )
                                 )
                                 ) **FILED ON BEHALF OF:**
                                 )
                                 ) COREY ROSENDARY
                                 )
                                 ) DEFENDANT
                                 )
                                 )
                                 ) **ATTORNEY OF RECORD:**
                                 )
                                 ) ADAM B. COGAN, ESQUIRE
                                 ) PA I.D. NO.: 75654
                                 )
                                 ) ONE NORTHGATE SQUARE
                                 ) GREENSBURG, PA 15601
                                 )
                                 ) [724] 837-9046
                                 )
                                 )
                                 )
                                 )
                                 )

**Exhibit C (1)**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CRIMINAL NO.: 03-29 Erie |
| | ) | |
| COREY ROSENDARY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## AMENDED PETITION PURSUANT TO TITLE 28, U.S.C., SECTION 2255

AND NOW, comes the Petitioner, COREY ROSENDARY, by counsel, ADAM B. COGAN, ESQUIRE, and respectfully files the following Amended Petition Pursuant to Title 28, U.S.C., Section 2255. In support thereof, the Petitioner respectfully avers as follows:

1. The Petitioner is Corey Rosendary, inmate number 20162-068. The Petitioner is presently incarcerated at the Federal Correctional Institution at Elkton, Ohio, P.O. Box 10, Lisbon, OH 44432.

2. The judgment of conviction under attack is the judgment of conviction and sentence imposed against the Petitioner by the United States District Court for the Western District of Pennsylvania, Erie Division.

3. The judgment of conviction and sentence was entered August 10, 2004.

4. As a result of the judgment of conviction and sentence, the Petitioner is scheduled to serve a term of imprisonment of 210 months to be followed by a 4 year term of supervised release.

1

## Exhibit C (2)

5. The Petitioner was initially charged through a one count indictment with knowingly, intentionally and unlawfully possessing with the intent to distribute and distribution of five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B)(iii).

6. The Petitioner initially entered a plea of not guilty to the charge in the indictment.

7. On April 28, 2004, the Petitioner changed his previous plea of not guilty to a plea of guilty.

8. A timely appeal was taken from the judgment of conviction and sentence.

9. The timely appeal was filed with the United States Court of Appeals for the Third Circuit which denied the appeal by Order dated May 13, 2005. Rosendary's timely petition for the issuance of a writ of certiorari was denied on October 11, 2005. The Supreme Court of the United States denied Rosendary's petition for rehearing on February 21, 2006.

10. Other than his direct appeal and his original initial pro se petition, no other petitions, applications, or motions have been filed with respect to this judgment in any federal court.

11. The Petitioner respectfully asserts the following grounds for relief and claims that based upon the following he is being held in custody unlawfully:

a) The judgment of sentence imposed was the result of the ineffectiveness of counsel under the Sixth Amendment to the

2

**Exhibit C (3)**

United States Constitution which, in the context of this case, so fundamentally prejudiced the Petitioner that the judgment of sentence imposed in this case must be set aside.    The ineffectiveness of counsel was manifested at sentencing by counsel's failure to argue that Rosendary could not be sentenced under the United States Sentencing Guidelines because the United States Sentencing Guidelines were unconstitutional as applied to him at the time of sentencing based on the Apprendi/Blakely rule which provides that under the Sixth Amendment to the United States Constitution any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established by proof beyond a reasonable doubt.

b)    Thereafter on appeal, the ineffectiveness of counsel was manifested by counsel's failure to argue that the appellate waiver contained in Rosendary's plea agreement was not a complete waiver of Rosendary's appellate rights and thus did not work so as to deny Rosendary's right to appeal the judgment of sentence imposed in this case.    Rosendary's plea agreement contained the following stipulation, "If COREY ROSENDARY is sentenced on the basis of an offense level of 31, he and the United States Attorney waive their respective rights to appeal the sentence under 18 U.S.C. §3742."    However, nowhere in the plea agreement did Rosendary waive his right to appeal the judgment of sentence and

3

**Exhibit C (4)**

conviction pursuant to Title 28, U.S.C. § 1291. Had counsel argued this basis for the Third Circuit Court of Appeals to entertain his appeal, a valid jurisdictional basis for the Third Circuit to hear his appeal which Rosendary clearly did not waive, Rosendary's appeal would not have been dismissed and he would have been eligible for resentencing pursuant to Title 18, U.S.C. § 3553 in light of United States v. Booker, 543 U.S. 220 (2005). This is so regardless of his attorney's failure to raise the constitutionality of his being sentenced under the Guidelines; see, United States v. Douglas, 407 F.3d 162 (3rd Cir. 2005).

12.    The particulars of counsel's ineffectiveness are further set forth in the Discussion portion of this pleading which is respectfully incorporated herein by reference.

13.    None of the above grounds have previously been presented to any Court as the Petitioner was represented in those courts by counsel who is now respectfully alleged to have been ineffective in his representation of the Petitioner.

14.    There are no petitions or appeals now pending in any Court as to the judgment under attack.

15.    The Petitioner was previously represented by Attorney Michael Hadley. The address of Attorney Hadley is: One Drake Drive, Oil City Pennsylvania, 16301.

4

**Exhibit C (5)**

16.    The sentence that the Petitioner received was rendered with respect to the count of the indictment at which the Petitioner plead guilty.

17.    In the event that this Honorable Court denies the Petitioner's application for relief, it is respectfully requested that this Court grant him a Certificate of Appealability pursuant to Title 28, U.S.C., Section 2253 to facilitate appellate review of the matter.

## DISCUSSION

The Petitioner in this case plead guilty to the sole count of the indictment charging him with delivery and possession with intent to deliver in excess of 5 grams of cocaine base pursuant to a plea agreement drafted by the United States Attorney for the Western District of Pennsylvania. That plea agreement, which is a matter of record with this court and which is respectfully reproduced herein as Exhibit A, provided in relevant part that Rosendary was a career offender resulting in a base offense level of 34 under the United States Sentencing Guidelines. The agreement further provided that after application of a three level reduction for acceptance of responsibility, Rosendary's overall offense level under the Sentencing Guidelines would be reduced to level 31. The parties finally agreed that "If COREY ROSENDARY is sentenced on the basis of an offense level of 31, he and the United States Attorney waive their respective rights to appeal the sentence under *18 U.S.C. §3742*." Emphasis added.

Prior to sentencing, the United States Supreme Court decided the case of Blakely v. Washington, 542 U.S. 296 (2004) which held that Washington's sentencing guideline system unconstitutional as it permitted the judge to impose

5

**Exhibit C (6)**

a sentence based on a factual finding beyond the sentence the court could have imposed on the basis of facts reflected by the jury's verdict or admitted by the defendant. Despite the Supreme Court's holding in <u>Blakely</u>, however, counsel for Rosendary never challenged at sentencing whether Rosendary could constitutionally be sentenced under the mandatory United States Sentencing Guideline system consistent with his rights to trial by jury under the Sixth Amendment to the United States Constitution.

After Rosendary's sentence and upon his insistence, counsel for Rosendary filed a notice of appeal from the judgment of sentence and conviction. Thereafter, Rosendary argued on appeal that his sentence was unconstitutional, particularly that it was plain error for the District Court to have sentenced Rosendary under the then mandatory United States Sentencing Guidelines. Consistent with the approach taken by the United States Court of Appeals for the Third Circuit, this should have resulted in a "<u>Booker</u> remand" for resentencing. See, <u>United States v. Douglas</u>, 407 F.3d 162 (Third Cir. 2005)(holding that defendants sentenced under the mandatory United States Sentencing Guidelines who challenged their sentence on direct appeal were presumed to have been prejudiced by the imposition of sentence and were entitled to resentencing regardless of whether an objection to the constitutionality of application of the United States Sentencing Guidelines was properly made at sentencing).

Rosendary's appeal, however, was instead dismissed based upon an argument raised by the United States first in its brief and, later in its post <u>Booker</u>

6

**<u>Exhibit C (7)</u>**

letter to the Third Circuit, that Rosendary had waived his right to appeal the judgment of sentence through his plea agreement.

The argument the Government made in this regard could have easily been countered and should not have resulted in the dismissal of Rosendary's appeal. While Rosendary waived his right to appeal under his plea agreement through Title 18, U.S.C. § 3742, Rosendary simply did not waive his right to appeal pursuant to Title 28 U.S.C. § 1291, an alternative basis for jurisdiction for the United States Court of Appeals for the Third Circuit to entertain Rosendary's appeal. Counsel's failure to argue the incomplete nature of his appellate waiver to the Third Circuit doomed Rosendary's appeal and constituted deficient performance of counsel pursuant to Rosendary's rights under the Sixth Amendment.

The legal standard governing claims of ineffectiveness of counsel is found in Strickland v. Washington, 466 U.S. 668 (1984) see also, United States v. Cronic, 466 U.S. 648 (1984). Generally, a person must show that his counsel's performance fell well below an objective standard of reasonableness and that a reasonable probability exists that, but for the error the result would have been different. Strickland, Id. At 686-694. A showing of prejudice can also be made when the circumstances surrounding a claim of ineffectiveness are such that prejudice can be presumed from the very nature of the error and those attendant circumstances. Cronic, supra.

With respect to a direct appeal after the imposition of a judgment of conviction and sentence, a criminal appellant is entitled to the effective

7

**Exhibit C (8)**

assistance of counsel on appeal. <u>Evitts v. Lucey</u>, 469 U.S. 387, 396 (1985). The ineffectiveness of counsel can manifest itself where appellate counsel fails to argue an appeal effectively. <u>Franklin v. Anderson</u>, 434 F.3d 412 (6th Cir. 2006); <u>United States v. Ballard</u>, 400 F.3d 404 (6th Cir. 2005); <u>Buehl v. Vaughn</u>, 166 F.3d 163 (3rd Cir. (1999).

In response to the unrebutted argument that Rosendary had categorically waived his right to appeal, the Third Circuit Ordered as follows:

"Appellant's motion for summary remand is denied. The motion of the Government to dismiss contained in its letter response and brief is granted and this appeal is dismissed because Appellant waived his right to appeal. <u>United States v. Khattak</u>, 273 F.3d 557, 561 (3d Cir. 2001)".

Rosendary does not herein dispute that his plea agreement contained the appellate waiver language cited by the government or dispute his plea was knowingly and intelligently entered. What Rosendary does dispute is that the waiver that he agreed to completely was a full and complete appellate waiver divesting the United States Court of Appeals of all jurisdiction to hear his appeal. What Rosendary respectfully submits is that his appellate waiver was not a complete appellate waiver as he nowhere waived his right to appeal as provided by Title 28, United States Code, Section 1291.

Rosendary further submits that counsel was Constitutionally deficient by not pointing out the limited nature of his appellate waiver to the Third Circuit Court of Appeals and the Court's continuing jurisdiction to hear his appeal pursuant to Title 28 U.S.C. § 1291 either through his principal brief, a reply brief,

8

**<u>Exhibit C (9)</u>**

his Booker applicability letter to the Third Circuit or ultimately through a motion for rehearing or re-argument pursuant to Rule 40 of the Federal Rules of Appellate Procedure.

Title 28, United States Code, Section 1291 provides that "the courts of appeals shall have jurisdiction of appeals from all final decisions of the District Courts of the United States…". The United States Court of Appeals for the Third Circuit has regularly entertained appeals such as Rosendary's on this basis: United States v. Manzella, ___ F.3d ___, ___ (3rd Cir. February 2, 2007) ("The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).") ; United States v. Colon, ___ F.3d ___, n.4 (3rd Cir. January 29, 2007)("The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)."); United States v. Lockett, 406 F.3d 207 (3rd Cir. 2005); United States v. Cooper, 437 F.3d 324 (3rd Cir. 2006); United States v. Graham, 72 F.3d 352, 358 n.8 (3rd Cir. 1995); United States v. King, 21 F.3d 1302, 1304 (3rd Cir. 1994).

Indeed, the illegality of sentence, which was the entire thrust of Rosendary's argument on his direct appeal, is clearly a basis under which the appeal could have been taken pursuant to Title 28, U.S.C., Section 1291. United States v. Fessler, 453 F.2d 953, 954 (3rd Cir. 1972).

While the Third Circuit has dismissed appeals where the appellant has completely waived his right to appeal under both Title 18, U.S.C. § 3742 and Title 28 U.S.C. § 1291, see, United States v. Lockett, 406 F.3d 207 (3rd Cir. 2005), it is

9

**Exhibit C (10)**

respectfully submitted that no such dismissal could occur if an appellant did not waive jurisdiction pursuant to Title 28, U.S.C. § 1291.[1]

Likely recognizing the shortcomings of the type of appellate waiver found in Rosendary's plea agreement, the standard appellate waiver employed by the United States Attorneys Office for this District now explicitly addresses Title 28, U.S.C., Section 1291. Indeed, the standard waiver states,

> "_____ waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
> (a)    If the United States appeals from the sentence, _____ may take a direct appeal from the sentence.
> (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, _____ may take a direct appeal from the sentence.
> The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

Rosendary's plea agreement, however, contained no such language.

A plea agreement is, in effect, a contract. It is to be strictly construed and any ambiguity in such an agreement is to be construed against the government. See, United States v. Palladino, 347 F.3d 29, 33-34 (2nd Cir. 2003); United States v. Rivera, 357 F.3d 290, 295 (3rd Cir. 2004); United States v. Garcia, 956 F.2d 41, 44 (4th Cir. 1992); United States v. Fitch, 282 F.3d 364, 368 (6th Cir. 2002); United States v. Rourke, 74 F.3d 802, 805 (7th Cir. 1996).

---

[1] The Appellate waiver in Lockett was not specifically quoted in the published opinion. Counsel for Rosendary has, however, obtained a copy of the plea agreement which includes the waiver provision. The plea agreement is appended hereto as Exhibit B.

**Exhibit C (11)**

Rosendary's plea agreement simply did not preclude him from arguing his appeal pursuant to Title 28, U.S.C., Section 1291. That counsel did not undertake to explain to the Third Circuit this simple yet compelling reality divested Rosendary of his right to be sentenced without regard to the mandatory United States Sentencing Guideline scheme, something which surely would have resulted had Rosendary argued the reality of his plea agreement's limited appellate waiver to the Third Circuit properly.

In this case, the government won Rosendary's appeal by arguing appellate waiver. This simply should not have happened as the Court of Appeals plainly retained jurisdiction to consider Rosendary's appeal pursuant to Title 28, U.S.C. 1291. As Rosendary's appeal should have clearly resulted in a <u>Booker</u> remand pursuant to <u>United States v. Douglas</u>, 407 F.3d 162 (3rd Cir. 2005), Rosendary is entitled to be resentenced by this Honorable Court.

WHEREFORE, the Petitioner respectfully requests that this Court grant him all relief to which he may be entitled in this proceeding, specifically, the vacating of the judgment of conviction and sentence and the granting him a new sentencing hearing in connection with this matter.

RESPECTFULLY REQUESTED,

<u>s/Adam B. Cogan</u>,
ADAM B. COGAN, ESQUIRE
PA I.D. NO.: 75654

ATTORNEY FOR THE DEFENDANT

11

**Exhibit C (12)**



**U.S. Department of Justice**

United States Attorney
Western District of Pennsylvania

100 State Street
Suite 302
Erie, Pennsylvania 16507                814/452-2906

April 20, 2004

Michael R. Hadley, Esquire
One Drake Drive
Oil City, Pennsylvania 16301

Re:  United States of America v.
     COREY D. ROSENDARY
     Criminal No. 03-29 Erie

Dear Mr. Hadley:

This letter sets forth the agreement by which your client, COREY D. ROSENDARY, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between COREY D. ROSENDARY and the United States Attorney for the Western District of Pennsylvania.  The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, COREY D. ROSENDARY will be sentenced under the Sentencing Guidelines promulgated by the United States Sentencing Commission and the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq.  The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court.

     A.  The defendant, COREY D. ROSENDARY, agrees to the following:

        1.  He will enter a plea of guilty to Count One of the Indictment at Criminal No. 03-29 Erie, charging him with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

| LIMITED OFFICIAL USE | GOVERNMENT EXHIBIT 1 03-29 G |
|---|---|

**Exhibit A (1)**

**Exhibit C (13)**

April 20, 2004
Page 2

2. He will assist law enforcement agencies in investigating violations of federal drug laws hereinafter "the investigation".

3. He will be fully debriefed by personnel of the United States Attorney's Office and/or Special Agents of the Federal Bureau of Investigation and/or representatives of other federal, state or local law enforcement agencies as may be determined by the United States Attorney.

4. He will provide all information and evidence within his knowledge or control concerning the investigation. All such information will be full, complete, accurate, and truthful. The determination of the United States Attorney as to the completeness, accuracy, and truthfulness of the information and evidence provided shall be final and conclusive.

5. He will submit to a polygraph examination administered by an agent of the federal government if requested to do so by the United States Attorney.

6. He will, when requested, testify in grand jury, pretrial, trial, sentencing and post-conviction proceedings in this district and elsewhere.

7. If the Court imposes a fine or restitution as part of a sentence of incarceration, COREY D. ROSENDARY agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

8. At the time COREY D. ROSENDARY enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

**Exhibit A (2)**

**Exhibit C (14)**

April 20, 2004
Page 3

8.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.    Pursuant to Section 1B1.8 of the Sentencing Guidelines, the United States Attorney will not use against COREY D. ROSENDARY any information or evidence provided by him in the course of his assistance in the investigation.

2.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing court of the full nature and extent of the involvement of COREY D. ROSENDARY in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3.    Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to Section 3E1.1 of the Sentencing Guidelines, the court reduce the offense level by three levels for acceptance of responsibility, on the grounds that the offense level prior to application of Section 3E1.1 is 16 or greater, and COREY D. ROSENDARY timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

4.    At the time of sentencing, if his cooperation has been completed, or within one year of the imposition of sentence, the United States Attorney will review the timeliness, nature, extent, completeness, accuracy, and truthfulness of the assistance and testimony of COREY D. ROSENDARY. If the United States Attorney determines COREY D. ROSENDARY has provided substantial assistance in the investigation or prosecution of other persons, the United States Attorney may, in her discretion, file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines [and 18 U.S.C. §3553(e)] or under Rule 35(b), Federal Rules of Criminal Procedure, advising the District Court of the assistance to law enforcement authorities. COREY D. ROSENDARY has no right to compel, require or expect

**Exhibit A (3)**

**Exhibit C (15)**

April 20, 2004
Page 4

that the United States Attorney will file such a motion, however, and the decision to reduce the sentence of COREY D. ROSENDARY below the applicable guideline range or any mandatory minimum sentence is solely in the discretion of the District Court.

5.    The United States Attorney agrees not to file an information, pursuant to 21 U.S.C. §851, stating prior convictions as a basis for increased punishment.

6.    The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    COREY D. ROSENDARY and the United States Attorney further understand and agree to the following:

1.    The maximum penalty that may be imposed upon COREY D. ROSENDARY is:

(a)    A term of imprisonment of not less than five (5) years to a maximum of forty (40) years; for a second or subsequent narcotic drug controlled substance felony conviction that is final, whether federal, state or foreign, a term of imprisonment of not less than ten (10) years to a maximum of life;

(b)    A fine not to exceed $2,000,000; for a second or subsequent narcotic drug controlled substance felony conviction that is final, whether federal, state or foreign, a fine not to exceed $4,000,000;

(c)    A term of supervised release of at least four (4) years; for a second or subsequent narcotic drug controlled substance felony conviction that is final, whether federal, state or foreign, a term of supervised release of at least eight (8) years;

(d)    A special assessment under 18 U.S.C. §3013 of $100.

2.    The parties stipulate that the defendant is a career offender as defined in U.S.S.G. §4B1.1 and

**Exhibit A (4)**

**Exhibit C (16)**

April 20, 2004
Page 5

that the offense level attributable to his conduct pursuant to U.S.S.G. §4B1.1(b)(B) is 34. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the District Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the District Court any information not within their knowledge at the time this agreement is executed.

3.   The parties stipulate that the type and quantity of controlled substance attributable to COREY D. ROSENDARY in this case for the purposes of Section 2D1.1 of the Sentencing Guidelines is 5.4 grams of a mixture and substance containing a detectable quantity of cocaine base. The cocaine base was in the form commonly known as crack. This stipulation includes all relevant conduct, under Section 1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding upon the District Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the District Court any information not within their knowledge at the time this agreement is executed.

4.   Thus, the parties agree that COREY D. ROSENDARY's overall offense level under the Sentencing Guidelines is 31. If COREY D. ROSENDARY is sentenced on the basis of an offense level of 31, he and the United States Attorney waive their respective rights to appeal the sentence under 18 U.S.C. §3742.

5.   If, at any time, the United States Attorney determines that COREY D. ROSENDARY has provided any information or evidence that is not full, complete, accurate, and truthful, or that COREY D. ROSENDARY has not provided assistance or testimony upon request, the obligations of the United States Attorney under this agreement are terminated. In that event, the government may prosecute COREY D. ROSENDARY on charges it has agreed to dismiss or has dismissed, and it may use against COREY D.

**Exhibit A (5)**

**Exhibit C (17)**

Case 1:0'    '000'    JM    Document 48-2    Filed 12/    006    age 6 of 6

April 20, 2004
Page 6

ROSENDARY information and/or evidence obtained from him. The government may also prosecute COREY D. ROSENDARY for perjury or obstruction of justice. Any plea of guilty previously entered will stand, however, and COREY D. ROSENDARY will not have the right to withdraw the plea of guilty by virtue of his breach of this agreement.

6. This agreement does not preclude the government from pursuing any civil or administrative remedies against COREY D. ROSENDARY or his property.

This letter sets forth the full and complete terms and conditions of the agreement between COREY D. ROSENDARY and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Mary Beth Buchanan*
MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Michael R. Hadley, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

COREY D. ROSENDARY

Date 4/28/04

Witnessed by:

MICHAEL R. HADLEY, ESQUIRE
Counsel for COREY D. ROSENDARY

**Exhibit A (6)**

**Exhibit C (18)**

01/29/2007  15:00  21**2**381112          FEDERAL DEFENDER PHL                    PAGE  01/09

## FEDERAL COMMUNITY DEFENDER OFFICE
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
FEDERAL COURT DIVISION DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 540 WEST - THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

ELLEN T. GREENLEE,
Defender

MAUREEN KEARNEY ROWLEY,
Chief Federal Defender

Phone Number (215) 928-1100
Fax Number  (215) 925-4024
Fax Number  (215) 861-3159
Fax Number  (215) 928-0832
Fax Number  (215) 928-1112

### FAX MEMO

TO:  _Adam Cogan Esq._

COMPANY: _____

FAX #:  _(724) 837-8888_

FROM:  _Robert Stalön Esq._

SUBJECT:  _Rogers Lockett_

DATE:  _1/29/07_

Number of pages (including cover)  _9_

☐ Hard copy will follow      ☐ Hard copy will follow      ☐ No hard copy        ☐ Call when
by regular mail                by hand delivery              will follow            received

### COMMENTS:

_____

_____

_____

_____

### CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us.

**Exhibit B (1)**

**Exhibit C (19)**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

       v.   .           :     CRIMINAL NO. 03 - 421

ROGERS LOCKETT, III               :

GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1.    The defendant agrees to plead guilty to counts 1, 2 and 3 of this Indictment charging him with Possession of marijuana with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), Possession of firearms in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c), and Possession of firearms with obliterated serial numbers, in violation of Title 18, United States Code, Section 922(k), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under Title 21, United States Code, Section 853, all arising from the defendant's possession of marijuana and two firearms with obliterated serial numbers in side Amtrak 30th Street Station in Philadelphia on February 5, 2003. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2.    The defendant agrees to pay the special victims/witness assessment in the amount of $ 300 at such time as directed by the Court.

**Exhibit B (2)**

**Exhibit C (20)**

Case 2:03-cr-00     -CMR    Document 42-4    Filed 01/2../2004    Page 2 of 8

3.    Defendant waives any claim under the Hyde Amendment, 18 U.S.C. §3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

4.    The defendant abandons any right, title and interest that he may have in the following firearms and ammunition:  a Bryco Jennings 9mm semiautomatic pistol with 12 rounds of ammunition and an Intratec 9mm semiautomatic pistol, with a magazine with 30 rounds of ammunition; agrees to execute all documents requested by the government to effectuate his abandonment; and agrees that the Bureau of Alcohol Tobacco and Firearms may dispose of the firearm and ammunition in whatever manner it deems appropriate.

5.    At the time of sentencing, the government will:

    1.    Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution and other matters which the government deems appropriate.

    2.    Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant;  address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

2

**Exhibit B (3)**

**Exhibit C (21)**

01/29/2007  15:00  5159281112          FEDERAL DEFENDER PHL          PAGE  04/09

Case 2:0o-cr-00x  CMR   Document 42-4   Filed 01/26/2004   Page 3 of 8

3.      Nothing in this agreement shall limit the government in its
comments in, and responses to, any post-sentencing matters.

6.      The parties agree under Rule 11(a)(2) that in entering into this agreement,
the defendant reserves the right to appeal the Court's ruling on the defendant's pre-trial motion to
suppress physical evidence and statements of the defendant.

7.      The defendant understands, agrees and has had explained to him by
counsel that the Court may impose the following statutory maximum and mandatory minimum
sentences: Count One, Possession of marijuana with the intent to distribute, 5 years
imprisonment, up to lifetime supervised release with a mandatory minimum of two years
supervised release, a $250,000 fine and a mandatory $100 special assessment; Count Two,
Possession of firearms in connection with a drug trafficking crime, life imprisonment, with a
mandatory minimum sentence of five years imprisonment, to be served consecutively to any
other sentence of imprisonment, a maximum of five years of supervised release, a $250,000 fine
and a mandatory $100 special assessment; Count 3, Possession of firearms with obliterated serial
numbers; 5 years imprisonment, up to 3 years supervised release, a $250,000 fine and a
mandatory $100 special assessment.

_____Total Maximum and Mandatory Minimum Sentence is: life imprisonment, with a
mandatory minimum sentence of 5 years imprisonment, consecutive to the sentence imposed on
any other count, up to lifetime supervised release with a mandatory minimum two years
supervised release, a $750,000 fine and a mandatory $300 special assessment.  Forfeiture of any
property used to commit or facilitate the commission of Count One also may be ordered.

3

**Exhibit B (4)**

**Exhibit C (22)**

Case 2:03-cr-004...-CMR    Document 42-4    Filed 01/28/2004    Page 4 of 8

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by 5 years. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

8.    The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

9.    Pursuant to § 6B1.4 of the Sentencing Guidelines, the parties enter into the following stipulations under the Sentencing Guidelines Manual effective November 1, 2003. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

(1) The parties agree and stipulate that: 450 grams of marijuana(was possessed by the defendant and the defendant's Guideline range should be calculated based on this amount pursuant to Guideline Section 1B1.3.

4

**Exhibit B (5)**

**Exhibit C (23)**

01/29/2007  15:E    2159281112          FEDERAL DEFENDER Pr          PAGE  06/03

Case 2:03-cr-00+...CMR    Document 42-4    Filed 01/28/2004    Page 5 of 8

(2) The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level downward adjustment under Guideline Section 3E1.1(a).

(3) The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty making the defendant eligible for an additional 1-level downward adjustment under Guideline Section 3E1.1(b) if the defendant's Combined Adjusted Offense Level is 16 or greater.

10.    In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

a.    Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b.    If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

1.    the defendant's sentence exceeds the statutory maximum; or

2.    the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range ;or

5

**Exhibit B (6)**

**Exhibit C (24)**

3.    the district court decided adversely to the defendant the following

issue: whether the firearms or marijuana seized by law enforcement

on February 5, 2003 or whether his post-arrest statements to law

enforcement on February 5, 2003 should be suppressed.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the

defendant on appeal other than those described in this paragraph.

11.    The defendant is satisfied with the legal representation provided by the

defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and

the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

12.    It is agreed that the parties' guilty plea agreement contains no additional

promises, agreements or understandings other than those set forth in this written guilty plea

agreement, and that no additional promises, agreements or understandings will be entered into

unless in writing and signed by all parties.

PATRICK L. MEEHAN
United States Attorney

_____        _____
ROGERS LOCKETT, III                TIMOTHY R. RICE
Defendant                          Chief, Criminal Division
                                   Assistant United States Attorney


_____        _____
CATHERINE HENRY                    THOMAS R. PERRICONE
Counsel for Defendant              Assistant United States Attorney

Date:        2003

6

**Exhibit B (7)**

**Exhibit C (25)**

Case 2:03-cr-0042r-CMR   Document 42-4   Filed 01/28/2004   Page 7 of 8

Attachment

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

       v.            :         CRIMINAL NUMBER 03-421

ROGERS LOCKETT, III      :

### ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.    I understand that I do not have to plead guilty.

2.    I may plead not guilty and insist upon a trial.

3.    At that trial, I understand

    a.    that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

    b.    that the jury could only convict me if all twelve jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

    c.    that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

    d.    that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

    e.    that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

    f.    that through my lawyer I would have the right to confront and cross examine the witnesses against me;

    g.    that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to;

**Exhibit B (8)**

**Exhibit C (26)**

h.     that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.     I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.     I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.     I understand that if I plead guilty, I have waived my right to appeal, except as set forth in appellate waiver provisions of my plea agreement.

7.     Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

_____
Defendant


_____
CATHERINE HENRY
Counsel for the Defendant



2



**Exhibit B (9)**



**Exhibit C (27)**

**DECLARATION**

I declare under penalty of perjury that the foregoing is true and correct executed this _10_ day of _February_, 2007.

_____

COREY ROSENDARY

**Exhibit C (28)**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | **CRIMINAL NO.: 03-29** |
| | ) | |
| COREY ROSENDARY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

**ORDER OF COURT**

AND NOW, to-wit, this _____ day of _____, 2007, it is hereby **ORDERED** that said Petition is hereby **GRANTED.** The Petitioner shall be resentenced on _____.

BY THE COURT,

_____, J.
THE HONORABLE SEAN MCLAUGHLIN

**Exhibit C (29)**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) **CRIMINAL NO.: 03-29** | |
| | ) | |
| COREY ROSENDARY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2007, it is hereby

**ORDERED** that a Certificate of Appealability is **GRANTED** pursuant to Title 28,

U.S.C., Section 2253.


BY THE COURT,


_____, J.
THE HONORABLE SEAN MCLAUGHLIN


**Exhibit C (30)**