UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

vs

COREY ROSENDARY,
        Defendant,

1:03-CR-29
JUDGE SENA J. McLAUGHLIN

FILED
NOV - 2 2007
CLERK U.S. DISTRICT COURT
ST. DIST. OF PENNSYLVANIA

MOTION FOR REDUCTION OF SENETNCE PURUSANT TO 18 U.S.C. § 3582(c)(2)

On May 1, 2007, United States Sentencing Guidelines sent Congress amended guideline, expressly designated § 2D1.1(c) to reduce crack cocaine sentences two points as one that may be applied retroactive on November 1, 2007.

1. Defendant comes, before this court seeking an reduction of his prison sentence purusant to Title 18 U.S.C. § 3582(c)(2). Defendant asks this court to give retroactive effect to Amendement 9 under the U.S.S.G. § 1B1.10(c) and reduce his current sentence from Two Hundered & Ten (210) months to the amended senetnced of 168-210

2. Defendant wishes to argue Post-Booker, (2005) since Booker, has struck down the "mandatory application" of the guidelines, all the guidelines range have ben "subsequently lowered" by virtue of the Booker decision.

3. Section § 3553(b)'s requirement that the judge only consider "the Sentencing guideline, policy and the official commentary of the "Sentencing Commission," was eliminated by Booker. Booker, abrgated 18 U.S.C. § 3553 as being unconstitutional, Section § 3553 (b) require federal judge to apply the guidelines.

1

4.  Defendant sentence as an Career Offender under Section § 4B1.1 this court NOW has the discretion to senetnce defendant well below the harsh term that the guidelines formely require for career offender. Post-Booker, the judge can ignore the guidelines and sentence the defendant to Ten (10) years, the mandatory minimum term.

5.  Defendant had only less than 5.2 grams of crack cocaine offense base level 24, his sentence would be 100-125 months without the acceptance of responsibility included. Defendant is aguring U.S. vs Hicks, F. 3d 1167 (9th Cir. 2007) Hicks, did not agrue he desreves a § 3582(c)(2) resentencing because of Booker, his entitlement based od 18 USC § 3582(c)(2), that the district court reconsiders pursuant to 18 USc § 3582(c)(2), a proceeding that occured because the Sentencing Commission lowered the application range §2D1.1(c) two points.

Hicks, also cited U.S.v Ono, 72 F.3d 101-102,(9th Cir.1995) "which stated the purpose of § 3582(c)(2) motion is resentencing." At the time of defendant orginal sentence the court **was bound by the guidelines**, now since the are unconstitution by the decision of Booker, this court can sentence the defenant accordingly to his discretion.

WHEREFORE, defendant respectfully request that this court GRANT defendant Motion for Reduction of Sentence purusant to Title 18 USC § 3582(c)(2) to the Amendment 9 that went into effect on November 1, 2007 lowering § 2D1.1(c) two points.

Respectfully submitted

pro-se  Corey Rosendary 20162-068
P.O.Box 10
Lisbon, Ohio 44432

2

## DECLRARTION

I, Corey Rosendary declare under penalty and perjuy under the laws of United States of America, that the foregoing statement is true to the best of my knowledge, purusant to Title 42 USC § 1746.

EXECUTED on this ___1st___ day of November 2007

*Corey Rosendary*

## CERTIFICATE OF SERCIVE

I certify that an true copy of defendant Motion for Reduction of Sentence was mail to U.S. Attorney Office at Department of Justice Building 17 South Park Rove, Erie, Pa 16501 on this ___1st___ day of November 2007

*Corey Rosendary*

3