UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
    (Plaintiff),

v.

CASE NO. 1:03-CR-29
Judge Sena J. McLaughlin

Corey Rosendary
    (Defendant).

FILED

MAR 2 4 2008

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVAN'

SUPPLEMENTAL

MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. §3582(c)(2)

    Defendant, Corey Rosendary, comes before this Honorable Court seeking the reduction of his prison sentence pursuant to 18 U.S.C. §3582(c)(2)(2000). He asks that this Court give retroactive effect to Amendment 706 under U.S.S.G. §1B1.10 and reduce his sentence from 210 months to the now more appropriate sentence 168 or less months. The Sentencing Commission has expressly designated Amendment 706 as one that may be applied retroactively. U.S.S.G. §1B1.10(c), p.s. (2000).

    The District Court makes two determinations in deciding whether or not to modify a sentence under 18 U.S.C. §3582(c)(2). Under the first step, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the Defendant was sentenced. U.S.S.G. 1B1.10(b), p.s.. The District Court determines what sentence

it would have imposed had the new sentencing range been the range at the time of the original sentencing leaving untouched all other previous factual decisions concerning particularized sentencing factors. See **United States v. Wyatt**, 115 F.3d 606, 609 (8th Cir. 1997). Such factors include, **inter alia**, role in the offense, obstruction of justice, victim adjustments, more than minimal planning, and acceptance of responsibility. Id.

In this particular case, Defendant has continually taken strides to better himself, by utilizing the programs that have been offered by the Bureau of Prisons. In taking these classes Defendant has taken the correct and appropriate steps to become a more moral a productive member of society when he is released from incarceration.

Accordingly, the District Court should simply determine the Guideline range that would have applied in this case had Amendment 706 been in effect **ab initio**. Here the relevent Guideline range would be less than 168 months, as opposed to the pre-Amendment's 210 month range.

In **Kimbrough v. United States**, 169 L.Ed. 2d 481, 500 (2007) the Supreme Court states: Further more, the court alluded to the Sentencing Commission's reports criticizing the 100-to-1 ratio, cf. §3553(a)(5)(Supp.V), noting that the Commission "recognizes that crack cocaine has not caused the damage that the Justice Department alleges it has." App. 72. Comparing the Guideline

range to the range that would have applied if Kimbrough had possessed an equal amount of powder, the court suggested that the 100-to-1 ratio itself created an unwarranted disparity within the meaning of §3553(a). Finally, the court did not purport to establish a ratio of its own. Rather, it appropriately framed its final determination in line with §3553(a)'s overarching instrution to 'impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in §3553(a)(2). See **supra**, at-, 169 L.Ed. 2d, at 494. Concluding that "the crack cocaine guidelines [drove] the offense level to a point higher than is necessary to do justice in this case," App. 72, the District Court thus rested its sentence on the appropriate considerations and "committed no procedural error," **Gall v. United States**, ante, at-, 128 S.Ct.-, 169 L.Ed. 2d 445.

Having established the applicable Amendment guideline range, the court next considers the factors contained in 18 U.S.C. §3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence imposed. Wyatt, 115 F.3d at 609, 18 U.S.C. §3582(c)(2). The factors set forth in §3553(a) are the following: 1) the nature and circumstances of the offense and the history and characteristics of the Defendant; 2) the need for the sentence imposed; 3) the kinds of sentences available; 4) the applicable sentencing range under the Guidelines; and 5) any pertinent Sentencing Commission policy statement; 6) the need to avoid unwarranted

sentence disparities among Defendants; and 7) the need to provide restitution to victims U.S.C. §3553(a). Put more succintly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterence, specific deterence, and rehabilitation.

WHEREFORE, based on the foregoing, and in the interests of justice, Defendant respectfully urges this Honorable Court to amend his term of imprisonment to reflect the sentencing guideline modification set forth in Amendment 706.

Dated: 03/19/2008

Respectfully submitted,

Corey Rosendary  20162-068
FCI Elkton
P.O. Box 10
Lisbon, OH. 44432

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has, this 19th day of March, 2008, been served on the United States Attorney for the Western District of Pennsylvania by placing a copy of the same in the care of the Clerk of the Court for service on the United States Attorney; Defendant is incarcerated and unable to obtain a correct and current mailing address.

(Pursuant to 28 U.S.C. §1746, I, declare that the aforementioned is true and correct under the penalty of perjury.)

Corey Rosendary